# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1865.

---

### EX PARTE J. W. AINSWORTH.

$\frac{27}{34a} \frac{731}{310}$

An appeal may be taken by the applicant where the court or judge has decided against the application for a writ of *habeas corpus*, that is after a trial; but the statute makes no provision for an appeal, if the writ be denied.

If the grounds disclosed, on an application for a writ of *habeas corpus*, are sufficient, the action of this court in dismissing the appeal, is not conclusive. It is only so after a hearing in the court below, upon the facts and law arising upon the record, and not when the appeal is from the refusal to grant the writ.

After indictment, as in Art. 125, Code of Criminal Procedure, application for the writ must be made to the judge of the district in which the indictment was found.

The writ of *habeas corpus* is one of right; but it is not grantable of course: and cause must be shown, supported by oath, in accordance with the statute. If it be apparent that the applicant is not entitled to any relief, the judge may refuse to award the writ; and his action cannot be revised on appeal.

Under our statute, the writ ought not to be refused, except in a clear case.

APPEAL from Trinity. Tried below before the Hon. C. L. Cleveland.

The facts appear in the opinion.

*J. W. Ainsworth*, for himself.

*Attorney-General, contra.*

REEVES, J.—This was a proceeding before the District Court of Trinity county. The petition charges that the relator, who was in the military service of the Confederate States, had furnished a substitute, fifty-one years old, who was accepted. That after his discharge he was held in the service and thereby illegally restrained of his liberty. The record recites that the court refused to grant the writ on the ground that the petition did not disclose any fact sufficient to entitle the applicant to the writ. A motion for a new trial having been overruled, the relator prosecutes this appeal.

By the Code of Criminal Procedure, Art. 122, " the Supreme Court or either of the judges, the District Court or either of the judges, have power to issue the writ of *habeas corpus*, and it is their duty, upon proper application, to grant the writ under the rules herein prescribed." By Art. 131, " the writ of *habeas corpus* shall be granted without delay by the judge or court receiving the petition, unless it be manifest by the statements of the petition itself, or some document annexed to it, that the party is entitled to no relief whatever."

The question in this case is, whether an appeal will lie from the refusal of the District Court to grant the writ.

An appeal may be taken by the applicant where the court or judge has decided against the application under *habeas corpus*, that is, after a trial, but the statute makes no provision for an appeal, if the writ be denied. (Code Criminal Procedure, Art. 719.)

If the grounds disclosed were sufficient to entitle the appellant to the writ, the action of this court in dismissing the appeal would not be conclusive. It is only so after a hearing upon the facts and law arising upon the record, and not where the appeal is from the refusal to grant the writ. The denial of the writ by one judge is not conclusive against the applicant, but he may apply to another and have the opinion of any one or all of the judges as to the legality of his restraint. (Ingersoll on Habeas Corpus, 33, and authorities there referred to; also, Ex parte Lawrence, 5 Binn. R., 304; Crispin v. Jones, 3 Sergt. & Rawle, 167.) After indictment, as in art. 125, Code Criminal Procedure, ap-

Ex Parte Ainsworth.

plication must be made to the judge of the district in which the indictment was found. As suggested by the appellant, the writ is one of right, but it is not grantable of course, and cause must be shown, supported by oath, in accordance with the statute. And if it be apparent that the applicant is not entitled to any relief, the judge is not bound to award the writ, but he may properly refuse it, and his action cannot be revised on appeal. It ought not to be denied except in a clear case. In the language of the statute "it must be manifest by the statements of the petition itself, or some document annexed to it, that the party is entitled to no relief whatever." While the present case may suggest these reflections, the case itself offers no reason for a conclusion different from that arrived at by the District Court. The points made in the appellant's brief were fully examined and considered by this court at the last Austin Term, in a large number of causes then pending, in which it was held that the act of Congress of January, 5, 1864, was constitutional, and that a party was liable to military service, though he may have furnished a substitute over the age of conscription, if he was not exempt on other grounds. (See Mayer v. Knight, Austin Term, 1864.) There is nothing in the petition for the writ not decided by the cases referred to. The questions being the same, the principles in one case apply equally to all, the present applicant as well as to the parties then before the court. But because the case is not properly here on appeal, the same will be dismissed.

Appeal dismissed.