## J. G. THOMAS V. THE STATE.

1. Appeal does not lie from the refusal of a district judge to grant a writ of *habeas corpus.*
2. See case held insufficient to authorize the district judge to admit to bail, under Paschal's Digest, Article 2609, providing that a person in legal custody "may be admitted to bail when it appears that any species of confinement will endanger his life."

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

This is an appeal from an order refusing the writ of *habeas corpus*, on the application of Johnson, who was confined pending his appeal from a conviction for assault with intent to murder.

No brief filed for appellant.

*Browne*, for the State, cited Paschal's Digest, Article 3185 ; 13 Texas, 79, Brill v. The State.

REEVES, ASSOCIATE JUSTICE.—At the Fall term, 1873, of the District Court of Johnson county, the appellant was convicted of an assault to murder, and his punishment was assessed by the jury to confinement in the penitentiary for two years. The court made an order directing the sheriff to convey the defendant to the nearest jail for safe keeping, to await the action of the Supreme Court. Afterwards the defendant applied to Judge Soward for a writ of *habeas corpus* by petition, and which was filed twentieth of December, 1873. He sets forth in his peti-

tion that he is illegally restrained in his liberty by virtue of a commitment under the judgment of conviction, making it a part of the petition, and complains that he is in the hands of the sheriff and in confinement, and restrained in his liberty by the sheriff. A further ground for the writ, as shown by his petition, is that he is afflicted with a constitutional tendency to insanity, and that close confinement in jail or other prison, as advised by his physician, will develop the disease, and if persisted in will greatly endanger his health and his life. Attached to the petition are the affidavits of his physician and of other parties. He asks to be admitted to bail under Article 2609 of the code. The application for the writ was refused by the judge or the court, without reference to the exhibits accompanying the petition, on the ground, as stated in the order, that the defendant had been sentenced by the court to imprisonment in the penitentiary and notice of appeal given. From this ruling the applicant appeals.

The opinions of the court are not entirely uniform on the point whether a review of a decision on *habeas corpus* independently of statutory provisions can be had by appeal. The weight of authority seems to be that it cannot, and that an appeal does not lie, because the judgment is not final, and the party is not concluded from applying again. (Hurd on Habeas Corpus, 566 ; Yarbrough v. The State, 2 Texas, 519.)

The Code of Procedure provides for an appeal where the decision is against the application. (Article 3183.)

In *Ex Parte* Ainsworth it is held that this article only applies after a hearing, and not to a refusal to grant the writ, and the appeal was dismissed. (27 Texas, 731.)

Under the provisions of the code this court cannot revise the opinion of the court or judge on incidental questions arising on the hearing of the application for the writ. The appeal must be heard upon the facts and law arising

upon the record, and such judgment must be given as the law and nature of the case requires. The revision of the court is upon the transcript of the proceedings, and the judgment is certified to the officer holding the party in custody, and not remanded to the court or judge whose decision may be appealed from. (1 Pas. Dig., Arts. 3220, 3221, 3222, 3225.)

Where the application for the writ is refused and there is no testimony, there would be nothing for the revising power of this court to act upon on appeal for bail.

In the present case it is not perceived that the court erred in view of anything contained in the record. The affidavits accompanying the petition fail to make a case that would bring the applicant within the terms of Article 2609, if entitled to relief on other grounds. No opinion is expressed by the physicians as to what length of time in close confinement would probably develop the disease. The application was *ex parte*, on affidavits without cross-examination or notice, so far as the transcript shows. The applicant had been convicted, but it is not shown that the conviction was illegal, as alleged in his petition. He applies for bail without showing that a removal to some other place would not be a sufficient protection, if his condition of health should make it necessary. And it is only when any species of confinement would endanger his life that bail may be taken under the above article.

As presented, the appeal must be dismissed.

DISMISSED.