EX PARTE BETHEL F. COOPWOOD.

HABEAS CORPUS.—No appeal lies from an order of a district judge sustaining exceptions to and dismissing a petition for *habeas corpus*, made on the return of the writ, such action being equivalent to a refusal to grant the writ.

APPEAL from an order made by the Hon. George H. Noonan, in chambers, at the city of San Antonio.

Bethel F. Coopwood applied for a writ of *habeas corpus*, alleging that he was illegally restrained by one P. Fox, a policeman, "under the pretense of executing a *capias pro fine* issued by a person claiming to be city recorder of the city of San Antonio, upon a trial and judgment against applicant for violation of an ordinance of said city in relation to the carrying of arms; that said pretended trial was not by a lawful jury of twelve men, but was by six men only, who pretended to be a jury; that applicant, if he carried arms in the city, was authorized to do so by law."

The writ was issued and respondent Fox moved to dismiss the proceedings, "for that (1) Coopwood is held by virtue of a commitment issued by the recorder of the city of San Antonio; (2) that said court is of competent jurisdiction over the offense; (3) that the petitioner was tried by a

jury of his own selection and acceptance; (4) the writ of *habeas corpus* is not the remedy, appeal being secured to the defendant," &c.

Upon which the court ordered that "the exceptions be sustained, that the prayer of the applicant be refused, and that his application be dismissed."

To which ruling Coopwood excepted and prosecuted an appeal.

*Coopwood & Stewart*, for appellant, cited State *v.* Buzzard, 4 Ark., 18; State *v.* Mitchell, 3 Black, 229; State *v.* Reid, 1 Ala., 612; Nunn *v.* State, 1 Kelly, 243; Bliss *v.* Commonwealth, 2 Litt., 90; Cockrum *v.* State, 24 Tex., 401; Choate *v.* Redding, 18 Tex., 581; Cooley's Const. Lim., 116, 117; Sedg. Stat. and Const. Law, 164, 165, 166; Southport *v.* Ogden, 23 Conn., 128; New Orleans *v.* Miller, 7 La. Ann., 651; Municipality *v.* Wilson, 5 Ib., 747; People *v.* Jackson, 8 Mich., 110; Savannah *v.* Hussey, 21 Ga., 80; City of St. Louis *v.* Allen, 13 Mo., 414; *Ex parte* Watkins, 3 Pet., 201; *Ex parte* Burford, 3 Cranch, 448; Mayfield *v.* State, 40 Tex., 290; Lloyd *v.* Brinck, 35 Tex., 6; Claiborne *v.* Tanner, 18 Tex., 78; 4 Pet., 152; Hurd on Hab. Corp., 331, 333.

Gould, Associate Justice.—It has been repeatedly held in this court that no appeal lies from the refusal of a judge or court to grant the writ of *habeas corpus*. (*Ex parte* Ainsworth, 27 Tex., 731; Thomas *v.* The State, 40 Tex., 6.)

In these cases the provisions of the Code of Criminal Procedure regulating appeals in cases of *habeas corpus* were examined, and the conclusion arrived at that the judgment of this court in such cases disposes of the case, not upon incidental questions, but upon the law and facts, and that the case *is not* remanded *to the* judge or court whose decision is appealed from. (40 Tex., *supra.*) The code makes the judgment of this court, "in appeals under *habeas corpus*, final and conclusive," (Paschal's Dig., art. 3225,) and does

not contemplate the appeal of cases not tried, or which were disposed of by an order equivalent to a refusal of the writ.

In this case the writ was issued and the return made, and the cause being heard on exceptions of the respondent to the application, it was ordered "that said exceptions be sustained, that the prayer of the applicant be refused, and his said application be dismissed." We think that for the purpose of supporting an appeal, this action of the court is tantamount to a refusal of the writ.

Undoubtedly, after the issuance and return of the writ, it is irregular for the judge to dispose of the case by simply dismissing the application. By means of the writ "the efficacy of the original commitment is suspended," and "the safe-keeping of the prisoner is entirely under the authority and direction of the court issuing it, or to which return is made." (State v. Sparks, 27 Tex., 709, refers to Hurd on Habeas Corpus, 324, and authorities there cited.) The applicant having been thus brought before the court or judge, the case should be heard on the facts and law, and an order made either discharging the applicant or remanding him to custody. But however irregular the order of dismissal, it does not follow that it will support an appeal.

If we were authorized to entertain this appeal, the record does not contain the facts and proceedings necessary to enable us to dispose of it on the law and facts of the case. The validity of an ordinance of the city of San Antonio is questioned in the brief of appellant, but we do not know what the ordinance is. So the validity of a commitment is assailed, and whilst the record embraces what purports to be a copy of a commitment, it is not referred to so as to be identified either in the application or the return. Complaint is made that the party was deprived of his right of trial by jury, but there is nothing in the record to support it. In truth, with the exception of the writ of commitment alluded to, the record contains nothing which would enable us to finally

dispose of the case or to do more than to decide whether the court should have granted or refused the writ.

The appeal is dismissed.

DISMISSED.