## EX PARTE NATHAN STRONG.

*No. 551.    Decided April 10.*

1. **Habeas Corpus—Jurisdiction—Practice.**—On a hearing of habeas corpus, where the district judge dismissed the proceedings, on a motion of the prosecuting attorney, because an indictment was pending in the County Court, *Held*, error. Section 8, article 5, of the Constitution of 1876, as amended by the judiciary article of 1891, authorizes district judges to grant writs of habeas corpus in all cases.

2. **Same—Practice on Appeal.**—Where a district judge dismisses a writ of habeas corpus without a trial of the cause, no appeal lies to the Court of Criminal Appeals. Such appellate jurisdiction only exists after hearing upon the facts and law arising from the record, and not where the appeal is from a refusal to grant the writ.

APPEAL from the District Court of McLennan. Tried below before Hon. L. W. GOODRICH.

This appeal is from a ruling of the District Court dismissing the habeas corpus proceedings.

The case is fully stated in the opinion.

*J. W. Cunningham,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a proceeding on a writ of habeas corpus before the Hon. L. W. Goodrich, district judge of McLennan County. The petition is in the ordinary form of an application for a writ of habeas corpus, alleging that relator was illegally restrained of his liberty by John Baker, sheriff of said county. The county attorney further made answer, that said relator was charged by the indictment of the grand jury of McLennan County, under the name of Nathan Lancy, by which said last name the said Nathan Strong, the relator, is also called, with an aggravated assault and battery on one A. D. Cheeseburgh; that the relator and said Nathan Lancy are one and the same person, and he pleads to the jurisdiction of the district judge to try same, because, he said, the indictment was pending in the County Court of said McLennan County, which had jurisdiction of said offense, and he asked that said habeas corpus proceedings be dismissed. On said motion the judge dismissed the writ, and remanded the relator to the custody of the sheriff. No evidence was heard in said cause, and there is no statement of facts before us, but, from the order of the judge dismissing said cause, the relator prosecutes this appeal. In our opinion, it does not follow, that because the County Court had jurisdiction of said cause the district judge did not have jurisdiction to grant the writ and try the same. Section 8, article 5, of the Constitution of 1876, as amended by the judiciary article of 1891, authorizes district judges to grant writs of habeas corpus in all cases. Legate v. Legate, 87 Texas, 248. Inasmuch, however, as the district judge did not try said cause, but dismissed the writ, which in our opinion was tantamount to a refusal to grant the writ in the first instance, this court has no appellate jurisdiction of the case. As was said in Ex Parte Ainsworth, 27 Texas, 732: "Such appellate jurisdiction only exists after hearing upon the facts and law arising upon the record, and not where the appeal is from a refusal to grant the writ. The denial of the writ by one judge is not conclusive against the applicant, for he may apply to another, and have the opinion of one or all of the judges as to the legality of his restraint." See also Thomas v. The State, 40 Texas, 6.

Because there was no trial below, this court has no jurisdiction of the case, and the appeal is accordingly dismissed.

*Appeal dismissed.*

Judges all present and concurring.