### EX PARTE HARVEY JONES.

*No. 696.    Decided April 20.*

**Court of Criminal Appeals — Jurisdiction — Certified Issues — Practice.—** Where, on appeal, in what purports to be a habeas corpus proceeding, it appears that no writ of habeas corpus was in fact sued out, and no order of the trial judge was in fact made, and that the object of the appeal is simply to certify a question to this court for decision, *Held*, that this court is without jurisdiction, and the proceedings will be dismissed.

THIS appears to be an attempt at appeal from the Criminal District Court of Dallas, in a case tried below before Hon. CHARLES F. CLINT.

The opinion states the case.

*J. R. Cole, Jr.*, for relator.

*Mann Trice*, Assistant Attorney-General, for respondent.

HENDERSON, JUDGE.—This is an attempt to prosecute an appeal from what we presume was a habeas corpus proceeding in the court below.    The record appears to be some sort of an agreement by which it is proposed to certify to this court the point whether or not, in a conviction for theft of property under the value of $20, the punishment can be by a fine alone, without any imprisonment.    In the agreed statement, after reciting certain things done in the court below, in paragraph 7 we find the following:    "The foregoing facts are all the facts necessary to be submitted to the Court of Appeals on the hearing of this cause, and it is agreed that the case may be determined on the above statement of facts, as though all the processes and formalities with regard to habeas corpus had been strictly complied with."    We gather from the whole statement that no writ of habeas corpus was in fact sued out, and no order of the judge was in fact made, and that the endeavor of the parties was simply to certify the point in issue to this court for decision.    In our opinion, the procedure in this case does not give this court jurisdiction.

This proceeding is dismissed.

*Dismissed.*

Judges all present and concurring.