## Ex Parte George Malone.

*No. 760. Decided June 26th, 1895.*

*Motion for Rehearing Decided December 18th, 1895.*

### 1. Habeas Corpus—Statement of Facts.

Where the record on appeal in a habeas corpus proceeding contains what purports to be a statement of facts, but which said statement is neither signed as an agreed statement by the attorneys nor approved by the judge, the same will not be considered.

### ON REHEARING.

### 2. Habeas Corpus Heard in Vacation—Practice as to Authenticating Statement of Facts.

Code of Criminal Procedure, Article 201 [181], provides, that where a habeas corpus is heard before a court in session, "all the proceedings shall be entered of record by the clerk thereof, as would be done in any other case," etc. Article 202 [182], provides, that if the proceeding be had before a judge of a court in vacation, "he shall cause all the proceedings to be written; shall certify to the same, and cause them to be filed with the clerk of the court," etc. Held: That where the trial was before the judge in vacation, the evidence received upon the trial, constitutes no part of the "proceedings" mentioned in Article 202 [182], and though such proceedings, properly certified to by the judge, may contain all the evidence adduced at the hearing, yet such evidence cannot be considered on appeal as a statement of facts, but such statement of facts, to be sufficient, must be prepared and authenticated as in other cases, independently of the judge's certificate to the proceedings. HENDERSON, JUDGE, dissents and holds: That if the proceedings, which contain the evidence as certified by the judge, had been filed with the clerk, and that officer had made out and certified the transcript for appeal, the evidence contained in the proceedings would, in that event, have been a sufficient statement of facts for consideration of the court on appeal.

APPEAL from Collin County. Tried below before Hon. M. G. ABER-NATHY, County Judge.

Appellant was arrested on the 8th day of May, 1895, by the sheriff of Collin County, under an information which charged him with the violation of the local option law in said county; and failing to give bond after his arrest, was placed in jail by the sheriff.   He sued out a writ of habeas corpus before the County Judge, for his release from custody, upon the ground that the local option law, under which he was being prosecuted, was absolutely null and void, because the pretended election, adopting the same, was not held in accordance with law; and assigned twenty-six grounds as reasons why the election was null and void.   At the hearing upon habeas corpus, the County Judge refused to discharge applicant, and remanded him to custody of the sheriff, from which order and judgment this appeal is taken.   In view of the disposition made of the appeal, it is unnecessary to make a further statement.

*M. H. Garnett, Smith & Evans* and *J. M. Pearson*, for relator.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is a proceeding on habeas corpus. The relator applied to the County Judge of Collin County for a writ of habeas corpus, claiming that he was illegally restrained of his liberty by virtue of a charge preferred against him for violation of a local option law in a precinct in Collin County, claiming that the local option election in said subdivision was not in accordance with the local option law, and so is null and void.   We find in the record what purports to be a statement of facts, but same is neither signed by the attorneys as an agreed statement of the facts, nor is there any certificate of approval by the judge, and same cannot be considered.   See Hess v. State, 30 Tex. Crim. App., 478; Wilson v. State (decided at present term).   No questions are raised in the record outside the statement of facts, or which can be considered by us without reference to a statement of facts; and, there appearing no errors in the record requiring a reversal of the case, the judgment of the lower court is accordingly affirmed.

*Affirmed.*

---

ON MOTION FOR REHEARING.

HURT, PRESIDING JUDGE.—Appellant was arrested for violation of the local option law, and resorted to the writ of habeas corpus for his discharge.   Upon the hearing he was remanded to custody; hence this appeal.   The judgment in this case was affirmed at the Austin term of this court.   This was in consequence of the fact that we then held that we could not consider the statement of facts.   It appears from the record that this cause was tried before the judge in chambers, and that he caused all the proceedings to be reduced to writing, and certified to the same, following Article 182, Code Crim. Proc.   The proceedings contained the statement of facts or the evidence received upon the trial. The question before us is this:   Can this court consider the testimony contained in the proceedings, which proceedings have been properly au-

thenticated by the judge who tried the cause, or must the statement of facts be made up and certified to, as in other cases?    It is conceded that, if the statement of facts must be prepared and certified to as in other cases, then this has not been done.    The contention of counsel for the motion is that, when all the proceedings are reduced to writing, and contain the evidence adduced on the trial, and are properly authenticated by the judge who hears the cause, that is all the law requires, and this court should consider the statement of facts therein contained.    Does Article 182, Code Crim. Proc., require that the testimony received upon the trial shall be made a part of the proceedings?    If so, then we should consider the statement of facts therein contained.    If not, then the statement should be made up, prepared, and authenticated as in ordinary cases.    There are two articles bearing upon this subject, and, when construed together, we believe the difficulty will vanish.    Article 181, Code Crim. Proc., provides:    "If a writ of habeas corpus be made returnable before a court in session, all the proceedings had shall be entered of record by the clerk thereof."    It is evident from what follows that the testimony constituted no part of the proceedings, because it proceeds: "as would be done in any other case pending in such court."    Now, the clerk in any other case is required to enter the proceedings upon the record of the court.    This has never been construed to mean that he must enter the testimony upon the record of the court; hence, we conclude that the evidence received upon the trial constitutes no part of the proceedings, within the meaning of Article 181, Code Crim. Proc.    What, then, does Article 182 mean?    If the proceedings are had before the judge of a court in vacation, he must do or cause to be done just what the clerk is required to do in Article 181, and no more. It is true, the law requires that he shall certify to the same, and cause them to be filed with the clerk of the court which has jurisdiction of the offense, whose duty it shall be to keep them safely.    If the party desires to appeal, and the cause has been tried before a court in session, the record is made up by the clerk, and certified to by him, just as in any other case.    If the cause be tried before a judge in vacation, the transcript may be prepared by any person under the direction of the judge, and certified to by such judge.    Here, again, the question arises, what is meant by the "transcript?"    We hold that it embraces the proceedings which have been reduced to writing, and properly authenticated, and a transcript of the statement of facts, if such is desired. This article proceeds upon the assumption that cases tried in vacation are, generally, without a clerk, but when tried in a court in session there is a clerk always present.    Where the case is tried in vacation, the law expressly provides that the judge shall certify to the transcript. The clerk could not do this.    But there must be a transcript.    This can be obtained if an appeal is desired before the record is sent to the clerk of the proper court, or it may be obtained afterwards, but, in either event, the judge trying the case must certify thereto.    If we are correct in holding that the evidence received upon the trial constitutes no part

of the proceedings mentioned in Article 182, then it follows that the statement of facts must be prepared and authenticated as in other cases. The motion for a rehearing is overruled.

*Motion Overruled.*

HENDERSON, JUDGE (dissenting).—Inasmuch as I do not agree to the views expressed by my brethren, and as the question is one of practice, I will state the reasons for my dissent.    It appears that the original record (made up by the judge in this case who tried the same in chambers, and certified to by him) comes to us on appeal, and a majority of the court refuse to consider said record, as I understand it, because the statement of facts in said record was not prepared under the rule regulating the preparation of a statement of facts in a case tried in term time. So far as I am advised, the exact question here presented has not previously been before this court.    In Cole's case, 14 Tex. Crim. App., 579, and in Barber's case, 16 Tex. Crim. App., 369, both of which were proceedings on habeas corpus, the applications were heard in term time, and in said cases the court say that the statement of facts should have been made up as in ordinary cases.    In Kramer' csase, 19 Tex. Crim. App., 123, the question was simply as to the mode of sending the transcript to the Court of Appeals.    In Barrier's case, 17 Tex. Crim. App., 585, which was also a proceeding on habeas corpus, the homicide, which was the basis of the proceeding, was committed in Morris County, and the trial was had before the judge in Titus County, presumably in chambers.    In the case the court quotes Arts. 181 and 182 of the Code of Crim. Proc., and then proceeds to say, as to the proper method of practice, as follows:  "After the order refusing bail, if the applicant in fact appealed from the judgment, that fact should have been noted in the order by the judge, and all the proceedings and papers should have been transmitted to the clerk of the District Court of Morris County, with a request from the applicant, or the District or County Attorney to the clerk, as the case may be, that he make out and forward a transcript of the same for hearing to the Court of Appeals at its Galveston term, then in session.    And upon receipt of such papers and authority the District Clerk of Morris County, who was the proper custodian of the original papers, would have prepared and certified to this court a proper transcript, as in other appealed cases."    So far as said decision goes, it accords with my view as to the proper practice in such cases, but nothing is said in regard to the preparation of a statement of facts. The General Statutes, with reference to the preparation of statements of facts, refer exclusively to a statement of facts prepared in a case appealed from a trial during a term.    See Art. 784, Code Crim. Proc.; Sayles' Civ. Stats., Arts. 1377-1379; and rules prescribed for the preparation of statement of facts in appealed cases.    If these statutes and rules could be invoked at all for a case tried in chambers, it would be in the absence of statutory provisions regulating procedure on the subject, and simply by analogy.    To my mind, however, we have statutes regulating the

procedure on habeas corpus and statutes for the preparation for appeal of cases so tried in chambers, which regulate the subject, and are inconsistent with said General Statutes.     See Arts. 181, 182, 881, Code Crim. Proc.     The second of said articles provides:     "If the return is made and the proceedings had before a judge in vacation, he shall cause all the proceedings to be written, shall certify to the same and cause them to be filed with the clerk of the court which has jurisdiction of the offense, whose duty it shall be to keep them safely."     It will be noted that in the beginning of the article in question the details of the trial are termed "proceedings," and further on it requires that the judge shall cause all the proceedings to be written, shall certify to the same, etc. This apprehends that not a part only, but the entire proceedings,—that is, all that transpires on the trial, including the application for the writ, the writ, the return thereon, all orders of court, and the evidence adduced on the trial—must be reduced to writing by the judge, or by some one under his direction, and the whole record shall be made up and certified to by him, and shall then be filed with the clerk of the court which has jurisdiction of the offense.     But it is contended that the word "proceedings" in this article, while it includes everything else occurring on the trial, cannot mean the evidence, because in Article 181, it is provided that, "if the application is heard before a court in session, all the proceedings had shall be entered of record by the clerk as would be done in any other case pending in said court."     I might reply that "proceedings" in said article, is limited by the connection in which it is used, to-wit: "as in other cases pending in said court."     The word "proceedings" is not so limited in Article 182; and this view is strengthened by the fact that we have a method of procuring a statement of facts in term time, which is regulated by Statute, and we have no such statutory regulation for cases tried in vacation.     Nor can Article 881, Code Crim. Proc., be invoked to help out the construction insisted on with reference to the preparation of statement of facts in a case of habeas corpus tried in chambers.     Said article is as follows:     "When the defendant appeals from a judgment rendered on the hearing of an application under habeas corpus, a transcript of the proceedings in the case shall be made out and certified to, together with all the testimony offered, and shall be sent up to the Court of Appeals for revision.     This transcript, when the proceeding takes place before a court in sessson, shall be prepared and certified by the clerk thereof, but when had before a judge in vacation the transcript may be prepared by any person under the direction of the judge, and certified to by such judge."     The first portion of said article requires that the transcript shall contain, in addition to the other proceedings, the testimony offered.     This shows what the transcript shall contain.     The latter portion of said article uses the term "transcript" to comprehend all the proceedings, and is tantamount thereto.     In the latter portion of said article it is provided that this transcript is to be prepared by the judge, or under his direction, and certified to by him.     It is contended that this merely means that the judge trying a habeas corpus case

in chambers shall certify to the application, the writ and return, and orders of the court, and not to the evidence; and that this part of the record is to be gotten up by counsel, and approved by the judge, as in other cases; and we presume by analogy, in case counsel did not agree before the termination of the trial, that the judge would be authorized to allow them ten days after the trial in chambers to prepare and present him a statement of facts, and then, after he has been presented with such statement, he would approve the same, and certify thereto, in connection with the other record, and file the same with the clerk of the court having jurisdiction of the offense, to be by him safely kept, as provided in Article 182. To adopt such a rule would be simply the application of a system of procedure, which by its terms was never intended to provide for an appeal from a habeas corpus trial had in chambers, and to my mind would be an enforced construction, and the importation of a statutory rule inconsistent with the statutes on habeas corpus regulating the procedure on appeal. If we give a fair and reasonable meaning to the terms used in Article 182, there is no difficulty as to the rule of procedure in a case of this character. The judge trying a case in chambers hears the whole case. All the papers are brought before him. The evidence, written and oral, is adduced. This, while the trial proceeds, can easily be reduced to writing. When the trial ends, the record is complete, and all that is necessary is that the judge certify to the correctness thereof, and then deposit the same with the court having jurisdiction of the offense; and, in case of appeal, a certified copy can be made out by the clerk, and forwarded to this court as the record for the trial of the case in the Court of Appeals. This, to my mind, is the obvious meaning of the statute, and, as a rule of practice, appears to have been acted upon by a majority of the judges of the lower courts. In this case, however, while the record was made up and certified in accordance with this view, yet it was not deposited in the court below having jurisdiction of the case, but the original record has been sent up to this court, when we should have been furnished with a certified copy of the original, certified to by the judge who tried the case. Because this was not done, I agree with the majority of the court in the disposition of the case.