EX PARTE J. H. OVERSTREET.

No. 1509. Decided June 15, 1898.

**Habeas Corpus—Certificate to Transcript on Appeal.**

Where a habeas corpus proceeding is heard and determined by the judge in vacation, the transcript for appeal from the judgment must be certified by said judge (Code of Criminal Procedure, article 916), and unless it is so certified the appeal will be dismissed.

APPEAL from Wise County from a judgment rendered in vacation by the Hon. J. T. JOHNSON, County Judge, remanding relator to custody upon a habeas corpus proceeding.

Motion was made by the Assistant Attorney-General to dismiss the appeal because the transcript was not prepared in accordance with law.

No brief for relator.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for respondent.

DAVIDSON, JUDGE.—The Assistant Attorney-General moves to dismiss this case because there is no proper transcript on file. The ground of the motion is predicated on the fact that the transcript is certified by the clerk, when it should have been certified by the judge. The habeas corpus proceeding, from which this is an appeal, was tried by the county judge, in vacation. When this is the case, under article 916 of the Code of Criminal Procedure, the transcript must be certified by the judge who tried the cause. When the habeas corpus proceeding occurs in term time, it is certified by the clerk as other transcripts. Because the transcript is not certified by the judge as required by the statute, there is no proper record before us for our consideration, and the appeal is dismissed. See Ex Parte Malone, 35 Texas Crim. Rep., 297.

*Appeal dismissed.*