### Ex Parte Dessús.

APPEAL from a decision of the District Court of Ponce.

No. 56.—Decided October 9, 1905.

HABEAS CORPUS—APPEAL—WANT OF JURISDICTION.—An appeal in *habeas corpus* proceedings will only lie from final judgments of district courts; and an order made by a judge, holding that he was without jurisdiction to consider an application, is equivalent in its nature to an order refusing to issue the writ of *habeas corpus* and is not therefore an appealable order; and the fact that the judge admitted the petitioner to bail while he was considering and determining the application, does not in any wise alter the nature of said order.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

The applicant in this case, Luis Felipe Dessús, was accused in the District Court of Ponce, on the 3rd of March, 1904, of the crime of libel, and upon trial, on the 15th of June, was convicted and sentenced to six months' imprisonment, and to the payment of costs. From this judgment he appealed to this Supreme Court and on the 31st of May, 1905, the judgment of the lower court was in all things affirmed. On the 14th day of June he made application to the Supreme Court for a writ of *habeas corpus,* which was, on the 19th day of the same month, refused for the reasons stated in the opinion of said court. On the 29th day of June, 1905, he made an application to the Hon. Tous Soto, judge of the District Court of Ponce, for a writ of *habeas corpus.* The said judge placed the prisoner at provisional liberty, under bond, until the application could be heard, which was done on the 10th of July following. On the said date the district judge to whom the application for *habeas corpus* was presented, after stating the facts and the history of the case at some length, renders his judgment in the following words:

"Therefore the court ought to declare, and by these presents does declare, itself without jurisdiction to consider this petition for *habeas corpus,* which is hereby dismissed without costs to the applicant; canceling the bond given for the accused to remain at liberty during the pendency of this proceeding, and leaving him under the custody in which he was found when this petition was formulated."

From this order of the district judge the applicant took an appeal to this court and requested the district judge to fix the bond pending the appeal, which the said judge declined to do, remitting the whole matter to the Supreme Court.

An application was then made to the Hon. José C. Hernandez, an Associate Justice of this court, who was acting in

his turn during vacation, to fix the bond pending the appeal. Acting upon this application Mr. Justice Hernandez declined to fix the bond because the order of the judge of the district court was not definitive or final, and from it no appeal could be taken under the statutes of Porto Rico, and the law applicable to such cases.

The district judge in deciding the case holds that he had no jurisdiction to grant the writ, and for that reason refuses the writ and cancels the provisional bond which had been given, and remands the prisoner to the custody in which he was at the time the application was made. Such an order is exactly equivalent to a refusal to grant the writ in the first place, as is stated in Church on Habeas Corpus, section 389, reference therein being made to the decision in the case of *Coopwood ex parte,* 44 Texas, 467. The mere fact that the district judge took time to consider the application before he refused to grant the writ, and while holding the same under consideration placed the applicant at provisional liberty, does not alter the status of the case.

Under the statutes of Porto Rico, sections 1 and 4 of an "Act providing for appeals in *habeas corpus* proceedings," Laws of 1903, pages 102-103, an appeal is given from the final order of a court or judge made upon the return of the writ of *habeas corpus* by any party to the proceedings aggrieved thereby, and certain requirements are prescribed when such appeal is taken by the prisoner charged with a bailable offense. The act above mentioned is the only authority which this court has to consider appeals in *habeas corpus* proceedings, all other acts in conflict therewith having been, by the 9th section of said act, expressly repealed.

It is clear from an inspection of the record that the order from which this appeal was taken was not a final order of a court or judge made upon the return of the writ, as the return of the writ was not taken into consideration at all by the district judge, but only the jurisdiction of the court or judge to whom the application was made.

The judge of the District Court of Ponce having decided that he had no jurisdiction in the matter, and the order which he made dismissing the application not being a "final order of a court or judge upon the return of the writ of *habeas corpus,*" this court is wholly without jurisdiction in the matter, and this appeal must therefore be dismissed, at the cost of the applicant.

*Denied.*

Chief Justice Quiñones and Justices Hernandez, Mac-Leary and Wolf concurred.