### EX PARTE J. H. BARNETT.

No. 3163.    Decided June 3, 1914.

**Local Option—Habeas Corpus—Jurisdiction.**

Where defendant was convicted of a violation of the local option law and appealed, and after adjournment of court made application for writ of habeas corpus, which was refused, no appeal lies to this court; besides, after conviction, relator had no right to the writ of habeas corpus. Following Magee v. State, 44 Texas Crim. Rep., 384; Ex parte Barfield, 44 S. W. Rep., 1104.

Appeal from the District Court of Grayson. Tried below before the Hon. W. M. Peck.

Appeal from a refusal to grant a writ of habeas corpus.

The opinion states the case.

*E. W. Neagle* and *Ben Savage,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of violating the prohibition law on a trial held in the District Court of Grayson County. A motion for new trial was overruled, and notice of appeal given. Subsequent thereto and after the adjournment of court, relator applied to Judge Peck for a writ of habeas corpus, who set the application down for hearing as to whether or not he would grant the writ. Upon the hearing he refused to grant the writ. Upon such state of facts no appeal lies to this court. (Magee v. State, 44 Texas Crim. Rep., 384.) An-

other reason why this case must be dismissed is that notice of appeal having been given and entered of record, the jurisdiction of this court attached, and all questions raised can be heard and passed on in that appeal, and as said by Judge Hurt in Ex parte Barfield, 44 S. W. Rep., 1095, "Relator has no right to the writ of habeas corpus under such a state of facts."

The appeal is dismissed.

*Dismissed.*