## Ex Parte Mary Smith.

No. 5593.   Decided October 15, 1919.

**1.—Injunction—Writ of Habeas Corpus.**

Where relator was taken into custody for violating a writ of injunction issued out of the District Court, and applied to a district judge of another

district for a writ of habeas corpus which was refused, he could not prosecute an appeal from such refusal to grant the writ of habeas corpus. Following Ex parte Strong, 34 Texas Crim. Rep., 309, and other cases.

2.—Same—Contempt—Injunction—Civil Proceeding—Jurisdiction.

Where the contempt grew out of a violation in a civil proceeding the matter should be adjudicated in the civil courts.

Appeal from the District Court of Jefferson. Tried below before the Hon. E. A. McDowell, judge.

Appeal from a habeas corpus proceeding refusing writ of habeas corpus.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Relator was taken into custody for violation of an injunction issued out of the Fifty-eight District Court of Jefferson County. Application was made to the District Judge of the Sixtieth District for a writ of *habeas corpus.* This was refused by the judge of the Sixtieth District Court because it was a contempt proceeding pending in the Fifty-eight District Court before the judge of that court, and other reasons assigned by the judge refusing the writ. The writ was refused, and from that refusal to grant the writ an appeal was sought to be brought before the Court of Criminal Appeals.

An appeal cannot be prosecuted from a refusal to grant a writ of habeas corpus. An unbroken line of decisions holds that no appeal can be taken from a refusal to grant a writ of *habeas corpus.* Ex parte Copley, 69 Texas Crim. Rep., 253, 153 S. W. Rep., 325; McFarland v. Johnson, 27 Texas, 106; Ex parte Ainsworth, 27 Texas, 731; Dirks v. State, 33 Texas, 227; Thomas v. State, 40 Texas, 6; Ex parte Barnett, 74 Texas Crim. Rep., 136, 167 S. W. Rep., 845; Ex parte Muse, 74 Texas Crim. Rep., 476, 168 S. W. Rep., 520. A refusal to grant a writ of *habeas corpus* is not a final judgment, and will not support an appeal. Ex parte Ainsworth, 27 Texas, 731; Ex parte Coopwood, 44 Texas, 467; Yarbrough v. State, 2 Texas, 519; Ex parte Strong, 34 Texas Crim. Rep., 309. For collation of other authorities bearing on this question see Vernon's Ann. Crim. Procedure, page 909, subdiv. 2. This contempt is in the nature of a civil proceeding, it being for a violation of an injunction in a civil matter, It would, therefore, be in the nature of a civil rather than a criminal contempt, and the civil courts should have jurisdiction of it.

The appeal is dismissed.

*Dismissed.*