Ex PARTE FLOYD YOUNG.

No. 5783.   Decided March 24, 1920.

Bail—Transcript—Practice on Appeal.

Article 950, C. C. P., provides that where a *habeas corpus* was heard in vacation, as in the instant case, the transcript may be prepared by anyone under the direction of the judge, but must be certified by the judge, and it is not sufficient to be certified by the clerk; and where this was not done, the appeal must be dismissed. Following Ex Parte Malone, 35 Texas Crim. Rep., 297, and other cases. However, the appellant is permitted to withdraw the transcript in order that the trial judge may certify to same in accordance with the statutes.

Appeal from the District Court of Montgomery. Tried below before Honorable B. F. Singleton, District Judge, in vacation. Denying bail to the defendant.

The opinion states the case.

*C. W. Nugent,* for relator.

*Alvin M. Owsley,* Assistant Attorney General, for the State. Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Applicant was charged with murder and resorted to a writ of *habeas corpus* to obtain bail. Upon the hearing the trial judge remanded him to custody without bond.

The transcript of the record is certified only by the district clerk. The statute, Article 950 C. C. P., provides that where a *habeas corpus* was heard in vacation, as in this case, the transcript may be prepared by anyone under the direction of the judge, but must be certified by the judge. It is not sufficient to be certified by the clerk. Ex parte Malone, 35 Texas Crim. Rep., 297; Ex parte Calvin, 40 Texas Crim. Rep., 84; Ex parte Overstreet, 39 Texas Crim. Rep., 468.

It seems to be necessary under this statute that the judge when he tries a *habeas corpus* in vacation, and an appeal is taken, must himself certify to the record. It is not sufficient to be certified by the clerk as would be the case if the proceeding was had in term time. Because of the failure of the judge to certify to the correctness of the

transcript as required by Article 950, supra, the Assistant Attorney General moves to dismiss the appeal. It seems this motion is well taken and must be sustained.

Applicant asked, in case the State's motion is sustained, that he be permitted to withdraw the transcript in order that the trial judge may certify to same in accordance with the statute. We are of opinion that this is a reasonable and proper request and same will be granted. He may, therefore, withdraw the transcript and have the trial judge to certify to the correctness of the proceedings.

The motion of the Assistant Attorney General is sustained.

*Withdrawn to correct the record.*