Ex Parte Fernando Lozano.

No. 6034. Decided November 3, 1920.

1.—Habeas Corpus—Judge in Vacation—Transcript—Certificate by Judge.

Where, the order refusing an application for writ of *habeas corpus* was made by the judge in vacation, and the applicant gave notice of appeal, it is required under Article 950, C. C. P., that the transcript be certified by the said judge; and, where the same was certified by the clerk of the District Court, the same did not comply with the Statute. Following Ex Parte Malone, 35 Texas Crim. Rep., 297, and other cases.

2.—Same—Right of Appeal—Jurisdiction—Application for Writ of Habeas Corpus.

Where, the application for writ of *habeas corpus* was refused and there was no hearing upon the application, the appeal must be dismissed for want of jurisdiction. Following Ex Parte Strong, 34 Texas Crim. Rep., 309, and other cases.

Appeal from El Paso. Application for writ of *habeas corpus* presented to Honorable W. D. Howe, in vacation, who refused to issue the write of *habeas corpus*.

A transcript in the instant case was made out by the clerk of the District Court of El Paso County, Texas, who certifies to same alone, without certificate of the judge sitting in vacation.

The applicant, in his application for writ of *habeas corpus,* alleged that he was arrested in the Republic of Mexico by two Mexicans dressed in civilian clothes, without process, and was carried to a point in the Republic of Mexico some three or four blocks south of the line between the United States and said Republic of Mexico, on the Mexican side, and there turned over to a person whom the applicant took to be a police officer of the city of El Paso, Texas, and, by force, threats and fraud and without his consent and over his protest was transported across the international bridge into the United States, at El Paso, Texas, and there incarcerated in the county jail, from which restraint of his liberty applicant seeks release. The judge refused to issue the writ of *habeas corpus,* and appellant gave notice of appeal.

*J. L. Weeks* and *M. M. Winningham,* for appellant.—Cited Ex Parte Wilson. 63 Texas Crim. Rep., 281; In Re Robinson, 26 Am. State Reports, 378.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of certifying transcript: when the judge hears the proceedings in vacation: Ex Parte Young, 219 S. W. Rep., 1102; Ex Parte Overstreet, 39 Texas Crim. Rep., 469; Ex Parte Calvin, 40 id., 84; Ex Parte Malone, 35 id., 297.

MORROW, Judge.—The appellant made application to the judge of the Thirty-Fourth Judicial District of the state for writ of *habeas corpus.* The judge refused to issue the writ, and from the refusal the appellant has sought to perfect his appeal.

The order appears to have been made in vacation. Article 950, C. C. P., provides for appeal in a *habeas corpus* matter, but says:

"This transcript, when the proceedings take place before the court in session, shall be prepared and certified by the clerk thereof, but when had before a judge in vacation the transcript may be prepared by any person, under the direction of the judge, and certified to by the judge."

This statute has been held uniformly to require that where the proceeding is in vacation the transcript, to be considered, must bear the certificate of the judge. Ex parte Malone, 35 Texas Crim. Rep., 297; Ex parte Overstreet, 39 Texas Crim. Rep., 468; Ex parte Young, 87 Texas Crim. Rep., 128, 219 S. W. Rep., 1102. The State, through the Assistant Attorney General, objects to the transcript upon the ground that it does not comply with the statute in that it does not bear the certificate of the judge. Moreover, we infer from the proceedings that the procedure in the instant case does not confer jurisdiction upon this court on appeal, for the reason that the statute authorizing an appeal contemplates that it shall be taken

88 Tex.—8

from a decision of the trial judge or court after a hearing. Ex parte Strong, 34 Texas Crim. Rep., 309. The appeal is ordered dismissed.

*Dismissed.*