EX PARTE W. O. TURNER.

No. 11025.   Delivered June 1, 1927.

**Habeas Corpus—Record Insufficient.**

Where a habeas corpus hearing to secure bail is heard in the District Court, during vacation, the transcript on appeal must be certified to by the trial judge, and the certificate of the clerk alone does not confer jurisdiction on this court. See Art. 857 C. C. P., Ex Parte Young, 87 Tex. Crim. Rep. 128 and other cases cited.

Appeal from the District Court of Armstrong County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from an order refusing bail on a habeas corpus hearing. Appeal dismissed.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an attempted appeal from a habeas corpus hearing designed to secure reduction of bail.

The record reveals that the hearing was before the District Judge in vacation. The transcript is not certified by the judge, but alone by the clerk of the court. Where the hearing is in vacation certificate by the clerk does not confer jurisdiction upon this court. See Art. 857, C. C. P.; Ex parte Young, 87 Tex. Crim. Rep. 128, 219 S. W. 1102; Ex parte Lozano, 88 Tex. Crim Rep. 112, 225 S. W. 59; Ex parte Francis, 91 Tex. Crim. Rep. 398, 239 S. W. 957; Ex parte Malone, 35 Tex. Crim. Rep. 297, 31 S. W. 665; Ex parte Calvin, 40 Tex. Crim. Rep. 84, 48 S. W. 518; Overstreet v. State, 39 Tex. Crim. Rep. 468, 46 S. W. 929.

The state's motion to dismiss the appeal for the defect in the record pointed out must be sustained.          *Dismissed.*