Ex parte TURNER. (No. 11025.)

Court of Criminal Appeals of Texas. June 1, 1927.

Habeas corpus ⬿➡113(9)—Transcript of habeas corpus hearing before judge in vacation certified alone by clerk does not confer jurisdiction on reviewing court (Code Cr. Proc. 1925, art. 857).

Transcript of habeas corpus hearing to secure reduction of bail before the judge in vacation does not confer jurisdiction on the Court of Criminal Appeals, where certified alone by the clerk, under Code Cr. Proc. 1925, art. 857, providing that transcript in such case may be certified by the judge.

Appeal from District Court, Armstrong County; Henry S. Bishop, Judge.

Application by W. O. Turner for a writ of habeas corpus to secure a reduction of bail.

From an order denying the application, petitioner appeals. Appeal dismissed.

J. W. Culwell, of Amarillo, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. This is an attempted appeal from a habeas corpus hearing designed to secure reduction of bail.

The record reveals that the hearing was before the district judge in vacation. The transcript is not certified by the judge, but alone by the clerk of the court. Where the hearing is in vacation, certificate by the clerk does not confer jurisdiction upon this court. See article 857, C. C. P.; Ex parte Young, 87 Tex. Cr. R. 128, 219 S. W. 1102; Ex parte Lozano, 88 Tex. Cr. R. 112, 225 S. W. 59; Ex parte Francis, 91 Tex. Cr. R. 398, 239 S. W. 957; Ex parte Malone, 35 Tex. Cr. R. 297, 31 S. W. 665, 33 S. W. 360; Ex parte Calvin, 40 Tex. Cr. R. 84, 48 S. W. 518; Ex parte Overstreet, 39 Tex. Cr. R. 468, 46 S. W. 929.

The state's motion to dismiss the appeal for the defect in the record pointed out must be sustained.