## LUNSFORD v. STATE. (No. 12942.)

Court of Criminal Appeals of Texas. Oct. 23, 1929.

W. C. Roland and Jno. M. Cobb, both of Houston, for appellant.

O'Brien Stevens, Crim. Dist. Atty., of Houston, and A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, 15 months in the penitentiary.

The transcript in this case contains one bill of exception, but, as no statement of facts accompanies the record, we cannot appraise this bill. Under these circumstances nothing is presented for review, and the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## Ex parte HUGHES. (No. 13021.)

Court of Criminal Appeals of Texas. Oct. 16, 1929.

J. E. Dryden, of Sudan, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The father of appellant made application on behalf of appellant to the county judge of Hale county for writ of habeas corpus. The judge refused to issue the writ, and from the refusal an effort is made to perfect this appeal.

The application for the writ of habeas corpus was set down for hearing; testimony was heard on the question as to whether or not the writ would be granted; and upon the evidence adduced before the judge he refused to issue the writ. Upon such state of facts no appeal lies to this court. Article 857, Code of Criminal Procedure 1925; Ex parte Barnett, 74 Tex. Cr. R. 136, 167 S. W. 845; Ex parte Lozano, 88 Tex. Cr. R. 112, 225 S. W. 59; Ex parte Smith, 85 Tex. Cr. R. 652, 215 S. W. 299; Ex parte Strong, 34 Tex. Cr. R. 309, 30 S. W. 666; Ex parte Ainsworth, 27 Tex. 731.

In section 243 of his Annotated Penal Code of Texas Mr. Branch states the rule as follows:

"The judge's dismissal of the application for habeas corpus or his refusal to try the case upon its merits is equivalent to a refusal to grant the writ and no appeal lies from such order or judgment; the remedy is by application to some other judge or court for a writ of habeas corpus."

The appeal is dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.