EX PARTE LARRY E. PROSSER.

No. 23400. Delivered May 1, 1946.

320

The opinion states the case.

*Calvin Henson,* of Haskell, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin for the State.

HAWKINS, Presiding Judge.

On the 29th of September, 1945, relator had pending against him in Haskell County, Texas, three indictments for felony offenses. By agreement between the District Attorney and attorney for relator the latter entered a plea of guilty before the court, in Cause No. 3830, and the other two cases were dismissed. Punishment in No. 3830 was fixed at two years in the penitentiary. No appeal was prosecuted. Relator accepted his sentence and was imprisoned in the penitentiary. At a subsequent day relator was indicted for another felony and was returned to Haskell County upon a bench warrant for trial upon the last mentioned indictment. The State dismissed the prosecution under this indictment, whereupon relator, though having something more than a year yet to serve under his conviction in Cause No. 3830, applied to Hon. Ben Charlie Chapman, Judge of the 39th Judicial District, for a writ of habeas corpus seeking release from further service in the penitentiary under the conviction in Cause No. 3830. As grounds for such relief relator sought to attack the judgment of conviction in said cause for various alleged irregularities. On account of the disposition we make of the case as it now comes before us it is not necessary to go into the details of the claimed irregularities. When the petition for the writ of habeas corpus was presented to Judge Chapman he set the matter down for a hearing to determine whether the writ should issue, and after investigating every ground upon which the application was based he found the same to be without merit and denied the writ. Nevertheless, relator

seeks to prosecute this appeal from an order denying a writ of habeas corpus. The facts ascertained upon the hearing are certified to this court by Judge Chapman, but we are in no position to consider them, as they are not properly before us. It is so well settled in Texas that no appeal can be taken from the refusal to issue the writ of habeas corpus that it scarcely seems necessary to cite authorities. The rule finds support as far back as Ex parte Ainsworth, 27 Texas 731, decided in 1865; see also Ex parte Smith, 85 Tex. Cr. R. 649, 215 S. W. 299, and cases cited; Branch's Ann. Tex. P. C., Sec. 243, p. 152; 21 Tex. Jur. p. 483, Sec. 57. The rule stated must govern in the present instance unless the amendment of Art. 119 C. C. P. in 1943, 48th Leg., page 354, has so changed the law as to make said rule inapplicable. So much of said article as is here pertinent reads as follows.

"After final conviction in any felony case the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas. The writ *may* issue upon the order of any district judge, and said judge *may* upon presentation to him of a petition for said writ, set the same down for a hearing *as to whether the writ should issue,* and ascertain the facts, which facts shall be transmitted to the Court of Criminal Appeals with the return of the writ *if same is issued after such hearing."* (Italics ours).

It appears quite obvious that it is not obligatory upon a district judge to grant the writ. By the very provisions of the Act discretion remains vested in said judge to refuse to issue the writ if it appears non-meritorious after the facts are ascertained. If the writ is granted after a hearing it must be returned to the Court of Criminal Appeals with the ascertained facts. It appears here that Judge Chapman has literally and accurately followed the statute. The writ having been refused after a hearing, no appeal lies to this court, and the appeal is therefore dismissed.