EX PARTE CURTIS HOWELL MONTGOMERY.

No. 24617. November 2, 1949.

*Patrici J. Mendez,* Austin, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appellant is a convict in the penitentiary. He is confined by virtue of convictions for felonies in court of competent jurisdiction. The application for writ of habeas corpus was made to the district judge of Burnet County, to secure his release from the penitentiary.

Upon a hearing, the district judge concluded that there is no basis for the issuance of writ of habeas corpus and that the petition was insufficient upon its face to require a hearing. Based upon this finding, the whole matter was certified to the Texas Court of Criminal Appeals for further procedure. As hereafter more fully discussed, this procedure was improper.

The law governing the procedure in such matters is to be found in Article 119, C. C. P., embodying the Act of the 48th Legislature, Chapter 233, Section 1, at page 354. An examination of this act will disclose that procedure after final conviction, in any felony case, may be heard by any district judge upon the application for writ of habeas corpus. Any return thereon must be made to the Texas Court of Criminal Appeals. It is further provided that when such petition is presented to the district judge, after a conviction in any felony case, the matter may be set down for a hearing as to whether or not the writ shall issue. If a hearing is had it becomes the duty of the district judge to ascertain the facts and, in the event he issues

the writ after said hearing, the district judge must then transmit to the Texas Court of Criminal Appeals the facts found by him.

In the instant case the judge complied with Article 119, C. C. P., in that he had a hearing as to whether or not the writ should issue and he ascertained the facts. He then concluded that the petition did not state any basis for the issuance of the writ of habeas corpus. Upon this finding he refused to issue the writ. This was the conclusion of the matter and no further action should have been taken by that court. His refusal to issue the writ is not appealable. The district judge has no authority to certify the matter unless he has granted the writ, if he does so. See Ex parte Coopwood, 44 Tex. 467; Ex parte Smith, 85 Tex. Cr. R. 649, 215 S. W. 299; Yarborough v. State, 2 Tex. 519; Ex parte Magee, 44 Tex. Cr. R. 384, 71 S. W. 599; Ex parte Blakenship, 57 S. W. 646; Ex parte Ainsworth, 27 Tex. 731; Ex parte Lozano, 88 Tex. Cr. R. 112, 225 S. W. 59. Furthermore, no appeal can be taken from an order dismissing the writ after a preliminary examination. Ex parte Elmore, 88 S. W. 347; Ex parte Hodges, 45 S. W. 913; Ex parte Strong, 34 Tex. Cr. R. 309, 30 S. W. 666; Ex parte Muse, 74 Tex. Crim. Rep. 476, 168 S. W. 520. In particular, see opinion by Judge Hawkins in Ex parte Prosser, 149 Tex. Crim. Rep. 319, 194 S. W. 2d 89.

We might observe, nevertheless, that the order of the judge in refusing the writ was proper. The petition failed to state any basis for the same. See Article 126, Vernon's Ann. C. C. P.

It follows that this court has no jurisdiction to consider the matter and the relief prayed for is denied. It is accordingly dismissed for want of jurisdiction.