### Ex parte Harold EIDINOFF.

### No. 227.

Court of Civil Appeals of Texas.

Tyler.

Oct. 20, 1966.

Rehearing Denied Dec. 1, 1966.

rightcorner**541**

Willis Jarrel, James Lewis, Tyler, for petitioner.

W. Barton Boling, Dist. Atty., El Paso County, El Paso, William E. Coats, Dist. Atty., Smith County, Tyler, for respondent.

MOORE, Justice.

This is an appeal from a proceeding on a writ of habeas corpus. Petitioner was in-

dicted for murder. His defense was insanity. The jury found him insane at the time of the commission of the offense as well as at the time of the trial. By a judgment duly entered by the 140th District Court of Lubbock County, Texas, on November 18, 1959, petitioner was committed to the Rusk State Hospital in Cherokee County until he became sane, in accordance with Article 932b, C.C.P., Vernon's Ann.Tex.Civ.St.[1]

On July 10, 1964, he filed a petition in the County Court of Cherokee County, for a re-examination and hearing of his present mental condition, under the provisions of Article 5547, Vernon's Ann.Tex.Civ.St.,[2] alleging that he was no longer mentally ill and was therefore entitled to be discharged. Thereafter, upon his application for a change of venue, the proceeding was transferred to the County Court of Smith County, Texas. When the matter was called for trial, however, petitioner voluntarily dismissed the cause by taking a non-suit. Shortly thereafter on the same day, while petitioner was still in the custody of the Sheriff of Smith County, he filed his application for a writ of habeas corpus with the judge of the 7th Judicial District Court of Smith County, alleging that he was sane and that he was being illegally confined by Harlan Long, Sheriff of Smith County; James H. Kreimeyer, Acting Superintendent of the Rusk State Hospital and Richard

---

1. Section 1(b).

"If the jury finds the defendant to be insane at the time of trial, the court shall enter an order committing the defendant to a State mental hospital * * * to be confined therein until he becomes sane."

Section 2.

"A person committed to a State mental hospital under this act upon a jury finding of insanity at the time of trial who has been acquitted of the alleged offense is not by reason of that offense a person charged with a criminal offense and therefore the head of the mental hospital to which he is committed may transfer, furlough and discharge him and shall treat him as any other patient committed for an indefinite period."

2. Section 82.

"(a) Any patient, or his next friend on his behalf and with his consent, may petition the county judge of the county in which the patient is hospitalized for re-examination and hearing to determine whether the patient requires continued hospitalization as a mentally ill person.

"(f) If the court finds that the patient does not require continued hospitalization as a mentally ill person, the court shall order the head of the hospital to discharge the patient. Otherwise, he shall dismiss the Petition."

Section 4 defines a "mentally ill person" as one who is of unsound mind or whose mental health is substantially impaired.

S. Burruss, County Judge of Smith County. The application was presented to the District Judge in chambers. Without notice to the state, the trial judge issued a writ of habeas corpus returnable on November 8, 1965. For some reason, the case was not heard on that date. On December 23, 1965, the state filed a motion to dismiss the application and writ and requested a hearing on the motion. After a hearing on the motion to dismiss, held on December 30, 1965, the trial court entered an order which recited, in part, as follows:

"It is THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Petitioner's Petition and Application for Writ of Habeas Corpus be and the same is hereby in all things denied, and the Writ of Habeas Corpus heretofore issued by this Court in this cause is in all things hereby ordered dismissed."

Petitioner duly excepted to the ruling of the court and perfected this appeal.

No evidence was offered at the hearing on the issue of petitioner's sanity, nor was any such evidence tendered by way of a bill of exception. Petitioner does not now contend that the record is sufficient for us to order his discharge. His prayer is that the cause be reversed and that the trial judge be ordered to hear the case on its merits and determine whether he is now sane and entitled to be released.

Respondents, on the other hand, contend that the appeal must be dismissed for want of jurisdiction. We think this contention must be sustained.

The action of the trial court in dismissing the application and recalling the writ of habeas corpus is tantamount to a refusal to grant the writ in the first place. It is now settled that such an order is not a final judgment of which this court has jurisdiction on appeal. Ex parte Strong, 34 Tex.Cr.R. 309, 30 S.W. 666; Ex parte Hodges, Tex.Cr.App., 45 S.W. 913; Ex parte Dugue, 169 Tex.Cr.R. 293, 333 S.W. 2d 382.

Appellate jurisdiction exists only after a hearing upon the merits of the case. Ex parte Jones, 34 Tex.Cr.R. 344, 30 S.W. 806.

There being no trial on the merits in the court below, this court has no jurisdiction and for this reason, the appeal must be dismissed.