## EX PARTE CLYDE R. BENSON.

No. 24639. November 2, 1949.

No attorney of record on appeal for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant, a convict in the state penitentiary, brought this proceeding in the district court of Denton County to secure his release. Upon considering the application, the district judge granted the writ and then issued his order certifying the same to the court of criminal appeals for further procedure. Had the application been in compliance with the statutory requirements, this would have been the proper order and his sole authority under Article 119, C. C. P., next to the closing paragraph of which reads, "After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."

In the same order in which he granted the writ and directed that the matter be certified to the court of criminal appeals, the judge also set out that the conviction was in Bexar County; that all of the witnesses resided there; and he further ordered the matter transferred to Bexar County for the purpose of hearing the evidence. The papers were sent to that court, the evidence taken, and the district judge hearing the same then issued his order of date September 29, 1949, in which he said: "The court is of the opinion that the said application should be refused." The notice of appeal was recorded and Benson was remanded to the custody of the authorities of the state penitentiary pending the appeal.

Under his general powers, a district judge may issue a writ of habeas corpus or decline to do so, and it is largely a matter within his discretion, even when the application complies with the statute. In cases like the one before us, coming after con-conviction, the law as to the power of the district judge to grant the writ may not be different but the procedure thereafter is.

The district judge of Denton County was evidently attempting to follow Ex parte Massey, 191 S. W. 2d 877, in which a very similar procedure was taken and the matter was considered by this court. We call attention to the following excerpt from that opinion, at page 878: *"The writ having already been granted,* [by the Judge of Walker County] *the proper proceeding would have been for the District Judge in San Jacinto County to have ascertained the facts and certified them to this court with the application in compliance with the Act of the 48th Legislature, Ch. 233, p. 354, Vernon's Ann. C. C. P. Art. 119, requiring the writ to be made returnable to the Court of Criminal Appeals after conviction in felony cases."* [Emphasis ours.] (The statement that the proper procedure would

have been for the district judge of San Jacinto County to have ascertained the facts and certified them to this court is not always correct. It is correct if this court directs him to take the evidence, or if the petition has been filed with him originally.)

It was there considered that the order of the district judge of Walker County brought the matter to this court. For the same reason the application will be considered in this case. The order of the district judge of Bexar County, refusing the writ, and the appeal taken from that order are without authority of law, as was the order of the district judge of Denton County in referring the matter to the district judge of Bexar County.

Article 119, C. C. P., authorizes the Texas Court of Criminal Appeals to direct a district judge to take testimony in such proceedings and certify the same to this court. A district judge has no such power. It is our construction, however, that this article authorizes this court to procure other evidence. While the district judge of Denton County had no authority to transfer the matter to Bexar County, and the judge who heard the same had no authority to issue any order thereon, we do hold that this court has the authority to consider the evidence thus presented. This we are doing in this case in the interest of time. Had the certificate come to this court direct from the district judge of Denton County, without the evidence accompanying it, the application is in such condition that evidence would not have been required and the State of Texas would have been saved the expense of transporting the prisoner to Bexar County for a hearing, as well as other expense in connection with the same. We wish to call attention to the language of Art. 119, C. C. P., directing the judge receiving the application, in case he grants the writ, to certify the same to this court. This he may do after hearing evidence or without it. In the event the application is not in compliance with the requirements of Article 126, C. C. P., it would then be the duty of the district judge to refuse the writ. From that order there is no appeal. Ex parte C. H. Montgomery, No. 24,617, this day decided. Page 603 of this volume.

In view of the Massey case, the district judge, to whom the application was made in this case, evidently thought he was expediting the matter by transferring same direct to Bexar County. Under some circumstances that might be true, but the question of legality of the petition should be given first consideration and there is little delay, if any, by passing the matter

direct to this court as directed under Article 119, C. C. P. It is recommended that such procedure be followed hereafter, particularly when the application is made to a district judge in a county other than the one where the original trial was had.

The application for writ of habeas corpus, filed before the district judge of Denton County, does not comply with the requirements of Article 126, C. C. P., in that there is no copy of the authority by which he was being held, and no allegation that a copy of the same cannot be obtained. No judgment or sentence is contained in the application. The application merely says that relator was tried and found guilty and assessed a sentence of seven years in the penitentiary by a district court of Bexar County, Texas. The effect is to bring to this court, by writ of habeas corpus, the matters which can come only by appeal. We further find, from the evidence in the record, that none of the allegations of fraud made in the petition are supported by the facts.

The relief prayed for is denied and relator is remanded to the state penitentiary to be held in compliance with the sentence of the court of Bexar County, Texas.