EX PARTE ROY THOMAS HUBBARD.

No. 24616. December 7, 1949.

58

J. B. Sallas, of Crockett, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant presented to the Honorable V. M. Johnston, Judge of the District Court of Houston County, Texas, his application for the writ of habeas corpus, under Art. 119, C. C. P., seeking his discharge from the penitentiary.

Judge Johnston entertained the application, heard evidence thereon, and entered the following order:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED BY THIS COURT that the said Application of the said Roy Thomas Hubbard herein be and the same is temporarily in all things denied, and that he, the said Roy Thomas Hubbard, be, and he is hereby temporarily remanded to the custody of the Respondents, pending final adjudication by the Court of Criminal Appeals of Texas as provided by Article 119 of the Texas Code of Criminal Procedure.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that all costs for bringing said Roy Thomas Hubbard before me and all other costs of this proceeding be and the same are hereby adjudged against the said Roy Thomas Hubbard, and it is ordered that execution issue therefor.

"To which judgment, order and decree Applicant, Roy Thomas Hubbard, in open court, gave notice to the Court of Criminal Appeals of the State of Texas in Austin, Travis County, Texas, and is hereby allowed all the time provided by law for filing his transcript and statement of facts and all other proceedings in the Court of Criminal Appeals."

It is apparent, from this order, that Judge Johnston denied,

or refused, the writ. It is from this order that appellant attempted to appeal to this court.

It has been the consistent holding of this court that no appeal lies from an order refusing the writ of habeas corpus. The appeal must, therefore, be dismissed.

In Ex Parte Clyde R. Benson, No. 24,639, delivered November 2, 1949, 153 Texas Crim. Rep. 598, and after the original opinion had been delivered in the instant case, the rule above stated was adhered to, and also the procedure necessary to be followed in seeking relief under Art. 119, C. C. P. was set out.

In the Benson case, supra, we endeavored to make it clear that when relief by writ of habeas corpus before a district judge, under Art. 119, C. C. P., is sought, the judge may permit the application to be filed, develop the facts relative thereto and certify the facts and application to this court for final determination, or he may refuse the writ.

In the event the writ is refused, the recourse to be had by petitioner is to present his application to some other judge or directly to this court.

In view of what has been said, the opinion delivered herein on October 19, 1949, is withdrawn and the foregoing is substituted in lieu thereof.

The appeal is dismissed.

Opinion approved by the court.