**Arthur Eugene ALLEN, Petitioner,**

v.

**William C. HOLMAN, Warden, Kilby
Prison, Montgomery, Alabama,
Respondent.**

**Civ. A. No. 1955–N.**

United States District Court
M. D. Alabama, N. D.

Sept. 6, 1963.

---

· Howard C. Alexander, Montgomery, Ala., appointed by the court, for petitioner.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

JOHNSON, Judge.

On July 11, 1963, the petitioner, Arthur Eugene Allen, presented to this Court an application seeking leave of this Court to file and proceed in forma pauperis upon his application for a writ of habeas corpus. Upon consideration thereof, this Court on July 12, 1963, allowed petitioner Allen's motion to file and proceed in forma pauperis on his application for said writ and ordered the Clerk of this Court to file same without the prepay-ment of fees and costs. On the same date this Court ordered and directed that William C. Holman, Warden of Kirby Prison, Montgomery, Alabama—the institution where Allen is presently incarcerated—appear and show cause, if any there be, why this Court should not issue the writ of habeas corpus as prayed for by petitioner Allen.

As ordered and directed, the respondent Holman, through the Attorney General of the State of Alabama, made a return and answer on August 6, 1963, to Allen's petition for a writ of habeas corpus. The respondent Holman attaches several exhibits to his return and answer, including a complete transcript of the evidence of the coram nobis hearing which was conducted by the Circuit Court of Pickens County, Alabama, on August 10, 1962. This transcript includes proceedings in the original trial which was held in the Circuit Court of Pickens County, Alabama, in July 1960, where Allen was convicted by a jury upon two charges of burglary in the second degree and for which he received as sentences four years imprisonment upon each charge. The response of the Warden also includes the pleadings as originally filed and amended and the testimony taken thereon in the coram nobis proceeding, and the written findings of fact and conclusions and judgment made and entered in the coram nobis proceeding by the Circuit Court of Pickens County, Alabama, on September 21, 1962. It further appears from the respondent's answer that after a hearing was conducted by the Circuit Court of Pickens County, Alabama, on the coram nobis petition of Allen and after the Circuit Court, upon its detailed findings and conclusions, denied said petition, said denial was affirmed by the Court of Appeals for the State of Alabama on February 19, 1963. Allen v. State, 42 Ala.App. 9, 150 So.2d 399, cert. denied, 152 So.2d 439. Upon Allen's application for a writ of certiorari to the Supreme Court of the United States from the action by the courts of the State of Alabama in denying his coram nobis petition, the Supreme Court denied same

on June 17, 1963; this denial is recorded in 374 U.S. 854, 83 S.Ct. 1922, 10 L.Ed. 2d 1074.

In Allen's coram nobis proceeding that was filed in the Circuit Court of Pickens County, Alabama, on July 10, 1962, and amended by his court-appointed counsel on August 10, 1962, he alleged in support of his contention that his conviction and incarceration by the order and judgment of the Circuit Court of Pickens County, Alabama, was in violation of his constitutional rights as guaranteed by the Constitution of the United States, in that he was denied counsel upon arraignment, denied counsel on his original trial, afforded inadequate and ineffective counsel on his original trial, denied witnesses on his original trial; the circuit solicitor knowingly used false and perjured testimony to secure his conviction; the circuit solicitor knowingly used a prosecuting witness who was mentally ill; he was not furnished with a copy of the indictment and was not sufficiently informed of the charges against him prior to his trial; the circuit solicitor knowingly withheld evidence that was favorable to his defense; and certain unnamed State officers "manufactured" evidence that was used against him on his original trial.

From a study of this matter as it is now presented, it appears that in a July 1960 session of the Circuit Court of Pickens County, Alabama, the grand jury for that court returned two indictments against Allen, charging him in each indictment as follows: Count One for burglary in the second degree; Count Two for grand larceny, and Count Three for receiving and concealing stolen property. Upon these indictments, writs of arrest were issued, and Allen was arrested and committed to the Pickens County Jail on July 25, 1960, after having waived extradition from the State of Mississippi on June 18, 1960. The two cases were tried jointly, Allen being represented by competent counsel of his own choice and selection, said counsel being the Honorable Hill Pate, Attorney at Law, Gordo, Alabama. Upon the trial, Allen was convicted in each case and the sentences as above set out were imposed. It further appears from the records and documents now presented to this Court that upon Allen's filing his petition for a writ of error coram nobis with the Circuit Court of Pickens County, Alabama, the Court appointed two experienced attorneys, the Honorable Robert Hugh Kirksey and P. M. Johnston, to represent Allen in the coram nobis proceeding.

This Court now finds that Allen seeks to raise in his habeas corpus petition now presented, five of the same grounds which he raised in his petition for a writ of error coram nobis that was filed and heard in the Circuit Court of Pickens County, Alabama. Thus, the question now presented on the return and answer of the respondent Holman, which includes the motion to dismiss, relates to a state prisoner's right to a plenary hearing on a habeas corpus petition filed in the federal court, notwithstanding prior determinations of identical issues by the state courts. In this connection, this Court now specifically finds and concludes that all of the matters—namely, the knowing use by the State solicitor of a mentally incompetent witness; the denial of witnesses upon the original trial; the denial of adequate time to prepare a defense; ineffective and inadequate counsel upon the original trial, and the knowing use by the State solicitor of false and perjured testimony—that are now presented to this Court in the habeas corpus petition, were fully and fairly presented and considered in Allen's State court coram nobis proceeding. In this connection, it appears that on his original trial Allen was fully and fairly represented by competent counsel of his own choice and selection; further, that he was fully and competently represented upon the coram nobis proceeding by the court-appointed attorneys.

This Court further specifically finds and concludes that the hearing as conducted by the Circuit Court of Pickens County, Alabama, upon Allen's coram nobis petition was without vital flaw. Brown v. Allen, 344 U.S. 443, 73 S.Ct.

**12**

397, 97 L.Ed. 469. As a matter of fact, the records now presented reflect that a full, fair and impartial judicial inquiry was held, this inquiry involving the taking of testimony of numerous witnesses. The formal order and judgment by the Honorable Cecil H. Strawbridge, which was entered on September 21, 1962, after submission on the coram nobis proceeding, reflects that that Court gave full and fair consideration to each and every issue Allen now seeks to raise in his petition for a writ of habeas corpus in this Court. An application of the law of Brown v. Allen, supra, Thomas v. Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed. 2d 863, and the very recent case of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, makes it clear that Allen is not now entitled to a plenary hearing in this Court on his petition for a writ of habeas corpus. This conclusion is based upon the findings of this Court, after a thorough study of the pleadings and records as presented to this Court, that the contentions Allen now seeks to present to this Court were presented to the State court in his coram nobis proceeding, and that said contentions were fully raised and fairly resolved in the express findings and conclusions of the Honorable Cecil H. Strawbridge, which were made and entered on September 21, 1962. Thus it appears that the courts of the State of Alabama have conducted a full and impartial hearing squarely into the merits of the matters now presented to this Court in Allen's habeas corpus petition.

This Court, therefore, concludes that it will not entertain and conduct a plenary hearing on petitioner Allen's application for habeas corpus for the reason that insofar as the issues he now presents to this Court are concerned the legality of his detention has been adequately and fairly determined by the courts of the State of Alabama. This Court is fully satisfied that the State processes have given fair consideration to each of the issues now presented to this Court, and these processes have resulted in a fair and satisfactory conclusion in the case.

In accordance with the foregoing and for good cause, it is, therefore, the order, judgment and decree of this Court that the petition of Arthur Eugene Allen for a writ of habeas corpus filed in this Court in forma pauperis by leave of this Court, be and the same is hereby denied.

It is further ordered that this cause be and the same is hereby dismissed.