for the housing project was not made by the plaintiff.

Judgment dismissing the plaintiff's complaint and in favor of the defendant Government of the Virgin Islands will be entered accordingly.

---

**James R. DAVIS, Petitioner,**

v.

**William C. HOLMAN, Warden, Kilby Prison, Montgomery, Alabama, et al., Respondents.**

Civ. A. No. 2144-N.

United States District Court
M. D. Alabama, N. D.
Jan. 11, 1965.

Richmond M. Flowers, Atty. Gen., and John C. Tyson III, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for repondents.

James R. Davis, pro se.

JOHNSON, District Judge.

The petitioner, James R. Davis, by order of this Court made and entered herein on November 30, 1964, filed in forma pauperis his application for a writ of habeas corpus. The petitioner alleges that he is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, in violation of his constitutional rights. He alleges further that his constitutional rights were violated by the State of Alabama, acting through the Circuit Court of Tuscaloosa County, Alabama, in April, 1961, at which time he was found guilty of the offense of sodomy and was sentenced upon his plea of guilty to a term of seven years imprisonment in the State Penitentiary. In the petition now presented, Davis says that his constitutional rights were violated and his present incarceration is illegal in that he was denied the right to competent and effective counsel during the proceedings which resulted in the sentence he is now serving and that such denial violated his rights as guaranteed by the Constitution of the United States.

Upon this showing, this Court in its order of November 30, 1964, directed that the respondent Warden appear in this case on or before the 6th day of January, 1965, and show cause why this Court should not issue the writ of habeas corpus as herein prayed for by petitioner Davis. Pursuant to this order, the respondent Warden, by and through the Attorney General for the State of Alabama, filed

with this Court a return and answer, and, in the alternative, motion to dismiss the application of Davis. With this return and answer, the respondent Warden presents to this Court a full and complete transcript including the evidence taken upon the hearing of the petition for writ of error coram nobis filed by Davis in his efforts to exhaust the remedies available to him through the judicial processes of the State of Alabama—as he is required to do under § 2254, Title 28, United States Code—and the order of the trial judge, which includes findings of fact and conclusions of law, denying the application for writ of error coram nobis, said order having been entered by the state court on November 27, 1963. Petitioner Davis presents to this Court a transcript of the original record, including the evidence taken upon the trial before he withdrew his plea of not guilty and entered his plea of guilty to the offense for which he was subsequently convicted and sentenced.

█ The issue now presented in this proceeding relates to a state prisoner's right to a plenary hearing in this Court on his habeas corpus petition notwithstanding a prior determination of the identical issues by the state court that conducted the original trial, imposed the sentence, and subsequently conducted the coram nobis proceeding. From an examination of the pleadings and documents, including the transcripts, presented to this Court, this Court now specifically finds and concludes that all of the matters which Davis now seeks to present to this Court in his habeas corpus petition were fully and fairly presented and considered in his state court coram nobis proceeding. The record, as now presented, reflects that Davis was fully and fairly represented by court-appointed counsel upon his coram nobis proceeding and that he intelligently waived and even refused the appointment of counsel upon the original proceeding that resulted in his conviction and present incarceration. As to the waiver and refusal of counsel by Davis upon his original trial, the state judge found as follows:

"This Court finds that the petitioner (Defendant) is an intelligent young man who by his speech and manner manifested every evidence of understanding both at the time of arraignment and at the time of trial the questions put to him of whether he wished an attorney appointed to assist him and having understood, refused such offer, not only understandingly but in an arrogant manner. And, it is the opinion of this Court that this arrogance was falsely based on a belief that his fellow prisoners who were commonly locked up with him in the Tuscaloosa County Jail, the scene of the crime, would be afraid to testify against him, several of them already having been convicted of sundry crimes and awaiting transportation to the State Penitentiary of Alabama. Thus, this Court finds that the petitioner (Defendant) in the original trial was offered counsel both at his arraignment and again fourteen (14) days later, that he is an intelligent young man, that he had an intelligent understanding of the offer of an attorney and refused such an appointment, for whatever reason he may have had, and that by so doing he waived any Constitutional Rights which may be afforded him, and that beyond insisting that he accept an appointed attorney to represent him, the Court could go no further and owed no obligation to go further or do more."

This Court specifically finds and concludes that the coram nobis hearing by the Circuit Court of Tuscaloosa County, Alabama, was without vital flaw. It affirmatively appears to this Court upon this submission that a full, fair, and impartial judicial inquiry was conducted by the Circuit Judge of Tuscaloosa County, Alabama, concerning the allegation Davis now makes to this Court in support of his petition for writ of habeas corpus. It further affirmatively appears that the order and judgment, which includes detailed findings of fact and conclusions of

law, as made and entered on November 27, 1963, by the Honorable W. C. Warren, Circuit Judge, Sixth Judicial Circuit of Alabama, after the submission in the coram nobis proceeding, reflects that the State of Alabama has given full and fair consideration to the issue Davis now seeks to raise by his petition for writ of habeas corpus in this Court. The entire record in this case, as it concerns the handling of the matter by the state court, reflects an awareness on the part of the state judicial officers of the constitutional requirement that imposes upon them the same responsibilities to protect persons from violations of their constitutional rights as are imposed upon federal courts. The record in this case reflects that Circuit Judge W. C. Warren had an acute awareness and an intelligent understanding of Gideon v. Wainwright, decided March 18, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

■ Under the facts as presented in this case, this Court elects not to entertain and conduct a hearing on petitioner Davis's application for habeas corpus for the reason that each of the allegations that Davis sets out in support of his contention that he was not afforded counsel by the state court upon the proceeding that resulted in his conviction and present incarceration has been determined adequately and fairly by the courts of the State of Alabama. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; United States ex rel. Rogers v. Richmond, 252 F.2d 807, cert. denied, Rogers v. Richmond, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361; Thomas v. Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Allison v. Holman (5th Cir. 1963), 326 F.2d 294, cert. denied, 376 U.S. 957, 84 S.Ct. 979, 11 L.Ed. 2d 975; Allen v. Holman, D.C., 222 F. Supp. 10, probable cause denied, United States Court of Appeals for the Fifth Circuit, November 5, 1963; Mills v. Holman, D.C., 225 F.Supp. 886, probable cause denied, United States Court of Appeals for the Fifth Circuit, March 25,

1964, cert. denied, 85 S.Ct. 113 (October, 1964).

In accordance with the foregoing and for good cause, it is the order, judgment and decree of this Court that the petition of James R. Davis for writ of habeas corpus, filed herein in forma pauperis by leave of this Court in its order of November 30, 1964, be and the same is hereby denied.

It is further ordered that this cause be and the same is hereby dismissed.

The Clerk of this Court is ordered and directed to forward copies of this order to James R. Davis in care of the Warden, Kilby Prison, Montgomery, Alabama, and to the Honorable Richmond M. Flowers, Attorney General, State of Alabama, Montgomery, Alabama.