**Edwin Marious BERTSCH, Petitioner,**

**v.**

**Dr. George BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 65–H–34.**

United States District Court
S. D. Texas,
Houston Division.

Feb. 3, 1965.

Clyde W. Woody and Bob Looney, Houston, Tex., for petitioner.

Sam W. Wilson, Asst. Atty. Gen. of Texas, Houston, Tex., for respondent.

NOEL, District Judge.

This case is before the Court upon the petition of Edwin Marious Bertsch, hereinafter called petitioner, for writ of habeas corpus.

Petitioner was tried and convicted of the offense of murder with malice aforethought on January 29, 1963, in the 22nd District Court of Fayette County, Texas. The Court of Criminal Appeals of Texas affirmed petitioner's conviction on May 13, 1964. By this appeal petitioner exhausted his state remedies as to several of the grounds of alleged deprivation of constitutional rights asserted in his petition for writ of habeas corpus.[1] McCutcheon v. Beto, 327 F.2d 228 (5th Cir. 1964).

Subsequent to the affirmance of his conviction by the Court of Criminal Appeals and pursuant to the applicable state procedure, petitioner was on July 23, 1964 sentenced by the district court in

1. These grounds are:
  (1) The alleged negligent or deliberate suppression on appeal of one of two photographs depicting the deceased in a bloody condition, introduced at trial over petitioner's objection, thereby preventing petitioner from accurately and adequately presenting to the Court of Criminal Appeals of Texas his point of error concerning its admission into evidence.
  (2) The consideration by the jury of a statement not in evidence which created prejudice against the defendant, to wit, the statement by one of the jurors after the jury had retired to deliberate, "I was close to the Sel-lers case [a case similar to petitioner's] and when he was sentenced he said, 'I am glad I did it.' This kind of thing has got to be stopped."
  (3) The lack of an impartial and fair trial by virtue of one of the jurors being prejudiced against the defendant as is evidenced by the juror's statement set forth in (2) above, although he stated no prejudice on *voir dire*.
  (4) The exclusion of petitioner from the courtroom during the time that a part of the record was corrected, to wit, the correction of the prosecutor's jury argument contained in a tape recording of the same.

which he was tried, to death in the electric chair. Prior to sentencing, petitioner submitted to the district court a "Motion and Answer of Defendant in Opposition to Pronouncement of Sentence, Motion for New Trial and Motion in Arrest of Judgment," which was overruled.

██ This Motion contained among other things certain alleged grounds of deprivation of constitutional rights contained in petitioner's application for writ of habeas corpus but not asserted on appeal to the Court of Criminal Appeals.[2] Petitioner contends that since the overruling of this Motion was not appealable to any court, he has exhausted all of his state remedies as to the grounds asserted in the Motion, even though some of them have not been presented to the Court of Criminal Appeals. I disagree. Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) requires that a petitioner exhaust the state remedies still open to him when he files his application for writ of habeas corpus in federal court. Martin v. Spradley, 341 F.2d 89, No. 21550 (5th Cir. Jan. 26, 1965), opinion as of yet unreported. Although only one opportunity need be afforded a state to pass upon a question before a federal court should look at its merits, this opportunity includes an adjudication on the merits by the highest court of the state. See United States ex rel. Weinstein v. Fay, 333 F.2d 815 (2d Cir. 1964).

The remedy of state writ of habeas corpus is still available to petitioner, whereby he may obtain a determination of those questions presented here that have not been ruled upon by the Court of Criminal Appeals.

It is particularly appropriate in this case that the Court of Criminal Appeals have an opportunity, in light of its holdings in Lopez v. Texas, 384 S.W.2d 345, No. 35267 (Nov. 11, 1964), and Harris v. Texas, 384 S.W.2d 349, No. 35654 (Nov. 11, 1964), to act, for one of the grounds asserted here is the Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), proscribed submission of the question of the voluntariness of a confession to the jury deciding innocence and guilt, without a prior independent determination of that voluntariness.

It would appear that the proper procedure for pursuing the remedy of state writ of habeas corpus is that provided by Art. 119 of the Texas Code of Criminal Procedure, Vernon's Ann.C.C.P. art. 119. This act provides in pertinent part as follows:

"After final conviction in any felony case the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas. The writ may issue upon the order of any district judge, and said judge may upon presentation to him of a petition for said writ, set the same down for a hearing as to whether the writ should issue, and ascertain the facts, which facts shall be transmitted to the Court of Criminal Appeals with the return of the writ if same is issued after such hearing. * * *

"The clerk of the Court of Criminal Appeals shall forthwith docket the cause and same shall be heard by the court at the earliest practicable time. Upon reviewing the record the court shall enter its judgment remanding the petitioner to custody or ordering his release, as the law and facts may justify. The mandate of the court shall issue to the court is-

2. These grounds are:
    (1) The Jackson v. Denno proscribed submission of the question of the voluntariness of a confession to the jury determining innocence and guilt, without a prior determination of that voluntariness.
    (2) The admission into evidence of petitioner's confession which was procured without compliance with Rule 5a of the Federal Rules of Criminal Procedure, alleged to be applicable to the State of Texas.
    (3) The failure of the State to afford the petitioner effective assistance of counsel at all stages of the prosecution, particularly at the stage when the confession was obtained from him.

suing the writ, as in other criminal cases. After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."

■ Although the act states that any district judge may issue the writ, the better practice in cases involving the Jackson v. Denno question would be to bring, where possible, the application for writ of habeas corpus to the district judge who tried the petitioner, to enable him to make a record as to whether he determined the petitioner's confession to be voluntary, as opposed to not involuntary as a matter of law, prior to submitting it to the jury. See Smith v. Texas, 236 F.Supp. 857, No. 64-H-626 (S.D.Tex. Dec. 14, 1964), opinion as of yet unreported. If the district judge failed to make such an independent determination of voluntariness at the time of trial, he is afforded an opportunity to make such a determination at the hearing on the writ of habeas corpus, thereby providing the initial relief envisioned by the Supreme Court in Jackson v. Denno, supra, and Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (Nov. 10, 1964).[3]

While it has been held that issuance of a writ of habeas corpus under Art. 119 is discretionary with the district court and that no appeal lies where the judge conducts a hearing and refuses the writ,[4] a petitioner is not thereby precluded from obtaining an adjudication by the highest state court on the question raised in the application for the writ, for the Court of Criminal Appeals has treated an attempted appeal from a denial of a writ under the statute as an original habeas corpus proceeding. Ex parte Williams, 331 S.W.2d 940 (Tex.Crim.App.1960). Furthermore, after such a denial, an original habeas corpus proceeding could be initiated in the Court of Criminal Appeals, and it would have available an adequate record from which it could make a full determination of the questions presented.

■ In order to rule on all of petitioner's allegations at one time, if at all possible, this Court will withhold action and retain this case on its docket while petitioner is afforded an opportunity to exhaust his state remedies on those questions listed in footnote 2. In the interim respondent shall prepare his answer. As soon as action is taken by the Court of Criminal Appeals of Texas, the respondent shall file in this cause a copy of any statement of facts filed in the state trial court.

3. The Supreme Court in Jackson v. Denno, stated:

"It is New York, therefore, not the federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. * * * [I]f at the conclusion of such an evidentiary hearing in the state court on the coer-

cion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty." 378 U.S. at 393–394, 84 S.Ct. at 1790.

4. Ex parte Prosser, 149 Tex.Cr.R. 319, 194 S.W.2d 89 (1946); Ex parte Hubbard, 154 Tex.Cr.R. 57, 225 S.W.2d 196 (1949); and Ex parte Cross, 288 S.W.2d 507 (Tex.Crim.App.1956).