**Edwin Marious BERTSCH, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 65–H–34.**

United States District Court
S. D. Texas,
Houston Division.

May 18, 1966.

Clyde W. Woody, Houston, Tex., for petitioner.

Waggoner Carr, Atty. Gen. of Texas, Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent.

NOEL, District Judge.

Edwin Marious Bertsch, petitioner herein, seeks a writ of habeas corpus under 28 U.S.C.A. Section 2241.

As petitioner had not exhausted State remedies on three allegations of constitutional dimension [1] found in his application, his petition was placed in inactive status on the docket of this Court pending his presentation of those issues to the Court of Criminal Appeals of Texas. In its Memorandum and Order of February 3, 1965, 242 F.Supp. 52, this Court suggested that petitioner utilize the procedure provided by Article 119, Texas Code of Criminal Procedure, and if possible, that factual issues be resolved by the same district judge who presided over the state trial.[2] This has now been done. Based upon the statement of facts developed at the hearing held in the District Court of Fayette County, Texas, the Texas Court of Criminal Appeals has denied petitioner's application for writ of habeas corpus, thereby complying with the mandate of 28 U.S.C.A. Section 2254 on these three issues.

Having exhausted State remedies as required, petitioner next filed a motion in this Court, now pending, requesting that a full evidentiary hearing be held here to enable this Court to determine for itself those same factual issues which have just been presented to and resolved by the District Court of Fayette County, Texas,[3] and adopted by the Texas Court of Criminal Appeals.[4] In paragraph VII of said motion, petitioner alleges:

"The Certification by the Texas trial court, being the court which conducted the hearing aforesaid under Order of the Court of Criminal Appeals of Texas was not the proper

---

**1.** The three allegations are:

(1) The Jackson v. Denno proscribed submission of the question of the voluntariness of a confession to the jury determining innocence or guilt, without a prior determination of that voluntariness.

(2) The admission into evidence of petitioner's confession which was procured without compliance with Rule 5a of the Federal Rules of Criminal Procedure, alleged to be applicable to the State of Texas.

(3) The failure of the State to afford the petitioner effective assistance of counsel at all stages of the prosecution, particularly at the stage when the confession was obtained from him.

**2.** The reason this Court deems it preferable that the *same* district judge who presided over the trial conduct the hearing as stated in 242 F.Supp. at 55 is:

"Although the act states that any district judge may issue the writ, the better practice in cases involving the Jackson v. Denno [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908] question would be to bring, where possible, the application for writ of habeas corpus to the district judge who tried the petitioner, to enable him to make a record as to whether he determined the petitioner's confession to be voluntary, as opposed to not involuntary as a matter of law, prior to submitting it to the jury. See Smith v. Texas, 236 F.Supp. 857 (S.D.Texas 1964). If the district judge failed to make such an independent determination of voluntariness at the time of trial, he is afforded an opportunity to make such a determination at the hearing on the writ of habeas corpus, thereby providing the initial relief envisioned by the Supreme Court in Jackson v. Denno, supra, and Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964) [footnote omitted]."

**3.** Certification of J. Lee Dittert, District Judge, to Texas Court of Criminal Appeals, Apr. 6, 1965.

**4.** Opinion of Texas Court of Criminal Appeals in Cause No. 38092, June 16, 1965, 395 S.W.2d 620, and on Motion for Rehearing, Oct. 20, 1965.

Court to hold same, in spite of this Honorable Court's suggestion that the said Court make those determinations and hold the hearing since the trial court was an integral part of the initial denial to this Petitioner of his rights under the Constitution of the United States and the Certification by said Court exemplifies that the subconscious necessity for that Court to justify its earlier proceedings and rulings allowed said court to make numerous certifications and findings, upon which the Court of Criminal Appeals of Texas based its conclusions of fact and of law, totally wrong and not supported by the record."

In making this same assertion to the Texas Court of Criminal Appeals, petitioner there stated: [5]

" * * * that it is mentally impossible for the trial judge to divorce himself from the position in which he has now been placed by this Court, to-wit: an interested party, * * *."

▊ In perhaps plainer language, petitioner's argument boils down to the assertion that the integrity of any court when presiding over a proceeding in which its own past actions are brought under attack is inherently suspect due to the "human need," subconscious or otherwise, of the trial judge and other state officials affected to subvert such a fact-finding hearing into a vehicle by which to whitewash their own past mistakes. I do not agree. The starting place for analysis must be recognition of the presumption that any court of competent jurisdiction will afford protection to legal rights under the Constitution as well as applicable state law. See: Harrison v. N. A. A. C. P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 137 F.2d 871 (6th Cir. 1943), cert. den. 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483. Pride of opinion in maintaining the propriety of a previous action is not sufficient basis for disqualification of a judge. In re Bishop's Estate, 250 F. 145 (9th Cir. 1918); Burrell v. State, 65 S.W. 914 (Tex.Crim. App.1901); see Anno., 10 A.L.R.2d at 1319. Nor in Texas is a judge disqualified from sitting on a higher court in review of his own decision. Galveston & H. Inv. Co. v. Grymes, 94 Tex. 609, 64 S.W. 778 (1901); see Anno., 57 L.Ed. 1003. This Court cannot speculate subjectively as to the thought processes of the Texas district judge who presided at the Fayette County hearing, as no rational basis exists upon which a conclusion could be based. Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed. 2d 760 (1961). In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court cautioned that the hearing power of federal district courts in habeas matters should not "be used to subvert the integrity of state criminal justice or to waste the time of the federal courts in the trial of frivolous claims." This Court specifically finds any allegation or implication to be drawn from the facts before this Court, that Judge Dittert either could not or did not exercise an impartial and objective attitude toward and during the proceedings here involved, to be patently frivolous. Such allegations represent an unrestrained, unwarranted willingness on the part of counsel for petitioner to attempt to persuade this Court to "subvert the integrity of state criminal justice," contrary to the quoted caveat of *Townsend.*

A careful examination of the complete transcript of proceedings had in the Fayette County District Court reveals ample support for the findings of fact made by Judge Dittert and, as to the issue raised concerning the two State's witnesses who also had bailiff's responsibilities in connection with the jury, made by the Court of Criminal Appeals based upon the district court record. See: Allison v. Holman, 326 F.2d 294 (5th Cir. 1963), cert. den. 376 U.S. 957, 84 S.Ct. 979, 11 L.Ed.2d 975.

5. At p. 13 of petitioner's brief in support of Motion for Rehearing.

■ This Court further concludes and specifically finds that the fact-finding hearing conducted by the District Court of Fayette County was without vital flaw. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). The entire record, both of the proceedings in the Fayette County District Court and in the Texas Court of Criminal Appeals, reflects an awareness on the part of the State judicial officers of the Constitutional requirement that imposes upon them the same responsibilities to protect persons from violations of their federal Constitutional rights as are imposed upon federal courts. I find the factual determinations made by the Texas courts in this cause to have been reliably and fairly made. Guidance from the Supreme Court in a situation such as here is that after a federal district judge "concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, *and ordinarily should*, accept the facts as found in the hearing." (Emphasis supplied.) Townsend v. Sain, supra.

Under these facts, this Court elects not to hold an evidentiary hearing, as all issues requiring factual determination raised in petitioner's original application to this Court and in his First Amended Petition have been determined adequately and fairly by the Courts of the State of Texas. Townsend v. Sain, supra; Thomas v. State of Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863 (1958); Brown v. Allen, supra; Allison v. Holman, supra; Mills v. Holman, 225 F. Supp. 886 (M.D.Ala.1964), probable cause den., United States Court of Appeals for the Fifth Circuit, March 25, 1964, cert. den. 375 U.S. 843, 84 S.Ct. 93; Davis v. Holman, 237 F.Supp. 490 (M.D.Ala.1965). Petitioner's Motion for Plenary Hearing is therefore denied.

■ In connection with petitioner's Motion for Plenary Hearing, one further point perhaps merits brief mention. In paragraph VI of the Motion, petitioner expresses concern over allegedly erroneous *conclusions of law* made by the Texas Court of Criminal Appeals. However, as counsel for petitioner is certainly aware, the mandate under which this Court operates, as stated by Chief Justice Warren in Townsend v. Sain, supra, is:

"Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law. It is the district judge's duty to apply the applicable federal law to the state court fact findings independently. The state conclusions of law may not be given binding weight on habeas."

On March 18, 1966, petitioner was granted leave to amend his petition to include an allegation that two witnesses for the prosecution were also in charge of the jury within the meaning of the proscription of Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965). The amendment was allowed at this late date in view of the fact that State remedies had been exhausted on this point, petitioner having presented his allegation to the Texas Courts at the same time as the other three allegations to which reference has hereinbefore been made.

■ Having adopted the findings of fact made by Judge Dittert of the Fayette County District Court and by the Texas Court of Criminal Appeals, it follows that Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Turner v. State of Louisiana, supra; and Rule 5(a), Fed.Rules Crim. Procedure, are inapposite to these facts. In reference to the *Turner* question, I conclude, as did Judge McDonald of the Court of Criminal Appeals, that the presence of the two State's witnesses, Sheriff Flournoy and Deputy Prilop, and the testimony adduced by them violated no basic guarantees of trial by jury in violation of the 14th or 6th Amendments. Petitioner's three allegations listed in note 1, supra, and his most recent allegation under Turner v. State of Louisiana, supra, are therefore denied.

Remaining now for consideration here are four allegations contained in the original petition as filed, on which State remedies had been exhausted prior to the time of its filing, and petitioner's motion, now pending, for leave to file a second amended petition.

■ Petitioner's allegation of negligent or deliberate suppression on appeal of one of two photographs depicting the deceased in a bloody condition is of less than Constitutional magnitude. Petitioner's only objection to the introduction of this Exhibit into evidence was his statement: "The man who took the pictures is not here." Thus, the asserted error preserved for consideration by the Court of Criminal Appeals was of a technical evidentiary nature not going to the subject matter of the picture itself; and it is hard for this Court to see why a ruling on this point would have to be predicated on the production of the picture, as in fact it was not. See: Bertsch v. State, 379 S.W.2d 656, at 661. In any event, the only complaint made is that the District Attorney and the Sheriff suppressed the photograph. I find this allegation to be merely conjectural, at most, when viewed in the light of all the pleadings.

■ No Constitutional question is presented by petitioner's allegations that (1) one of the jurors made the remark after the jury had retired to deliberate, "I was close to the Sellers case [a case similar to petitioner's] and when he was sentenced he said, 'I am glad I did it.' This kind of a thing has got to be stopped."; and (2) that the juror's statement above indicates prejudice although he had stated no prejudice on voir dire. The Court of Appeals in affirming the conviction, Bertsch v. State, 379 S.W.2d 657 (1964), considered this remark and found that the only juror who heard it paid no attention. In regard to these two allegations, to have gone further would violate the rule that jurors will not be heard to impeach their own verdict. Mc-

Donald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915); Cunningham v. United States, 356 F.2d 454, 5th Cir., Feb. 23, 1966.

■ Petitioner finally complains that he was denied due process by not being present in the courtroom during the time the transcript of the prosecutor's jury argument was being corrected. I find this allegation to be patently frivolous.

■ Remaining now is only petitioner's motion for leave to file his second amended petition to present the allegation that included on petitioner's jury was a juror who had prejudged petitioner and who had predetermined that the electric chair was the appropriate penalty to be assessed. Petitioner would appear to be correct in his assertion that a factual issue is raised by this allegation, even after consideration of the counter-affidavits recently filed by respondent. I find, however, that 28 U.S.C.A. Section 2254 is a bar to action by this Court on the merits of the allegation. Petitioner admits that this complaint has not been presented to the Texas Court of Criminal Appeals but says that in view of Ex parte Lohse, 157 Tex.Cr.R. 488, 250 S.W. 2d 215 (1952), and Ex parte Bronson, 158 Tex.Cr.R. 133, 254 S.W.2d 117 (1952), petitioner has no procedure in the Texas courts to remedy this alleged Constitutional deprivation. I do not agree. In a situation such as here, where lack of diligence on the part of petitioner or his counsel played no part in these facts being unknown to him at trial, this Court is of the opinion that the Texas Court of Appeals would act upon this allegation when presented collaterally. See: Ex parte Prince, 367 S.W.2d 687 (Tex.Crim.App.1963). Petitioner's motion for leave to file his second amended petition is therefore denied for failure to have presented the allegation contained therein to the Texas courts within the meaning of 28 U.S. C.A. § 2254.

The petition is therefore denied. This action constitutes a final judgment in this case.

The Clerk shall record this Memorandum and Order, and shall send a copy to petitioner, petitioner's counsel, and to the Attorney General of Texas.