Andrew **HARRIS**

v.

Dr. **George J. BETO.**

No. CA 1–267.

United States District Court
N. D. Texas,
Abilene Division.

Jan. 9, 1967.

Jo Betsy Lewallen, Austin, Tex., for George J. Beto.

## MEMORANDUM ORDER DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS

BREWSTER, District Judge.

In his application for a writ of habeas corpus, relator collaterally attacks his conviction for possession of marijuana on three theories: that he was insane at the times of the offense and trial, that the State knowingly and wilfully suppressed psychiatric evidence favorable to him, and that the evidence offered against him during his trial was seized incidental to his unlawful arrest.

None of these grounds has been presented to the trial court for a factual determination as to their truth or falsity as required by the post-conviction procedure available under Article 11.07 of the Vernon's Ann.Texas Code of Criminal Procedure. Because there is a failure to exhaust the remedies available in the Texas courts, the application is dismissed. 28 U.S.C.A. Section 2254.

The above grounds for relief were presented to the Texas Court of Criminal Appeals (in an earlier application for habeas corpus relief) which application was there denied. However, the denial of an application for writ of habeas corpus filed originally in the Texas Court of Criminal Appeals by a convicted felon is not exhaustive of the post-conviction remedies available under Texas law.

Applications for writs of habeas corpus are originally filed in the Texas Court of Criminal Appeals under the authority of Article V, Section 5 of the Texas Constitution, Vernon's Ann.St. If an application so filed alleges a constitutional deprivation of due process, the de-

termination of which requires a hearing to ascertain facts, the remedy is virtually ineffective. While the original habeas corpus jurisdiction of the Court of Criminal Appeals is unlimited, State v. Briggs, 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (1961), it considers only the record before it on applications for writs of habeas corpus, and does not conduct fact-finding hearings. Therefore, valuable as the · original filing procedure may be for receiving a determination of legal questions in applications for writs of habeas corpus by the Court of Criminal Appeals, it is virtually ineffective in providing the type of fact-finding hearing promulgated in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Should the original filing procedure available under Article V, Section 5 of the Texas Constitution be an exhaustion of state post-conviction remedies, the courts of the State of Texas would be deprived of the opportunity to resolve questions of constitutional deprivations containing factual issues arising in their courtrooms. However, that opportunity is available under the alternative post-conviction procedure enacted in Article 11.07 of the new Texas Code of Criminal Procedure. Ex parte Young, Tex.Cr. App., 418 S.W.2d 824 (1967).

The language of Article 11.07 stresses that it was designed for post-conviction relief:

" * * * *After conviction* the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner." (Emphasis added)

■ The procedure in Article 11.07 is principally designed to afford a hearing to ascertain facts. An application for a writ of habeas corpus is presented to any district judge, presumably in the county where the relator was convicted. The district judge may then set the application down for a hearing to ascertain the facts. The only function of the district judge is to develop the facts and certify them to the Court of Criminal Appeals. He may not issue the writ of habeas corpus. State v. Briggs, 171 Tex.Cr.R. 479, 351 S.W.2d 892 (1962); Ex parte Hubbard, 154 Tex.Cr.R. 57, 225 S.W.2d 196, 197 (1949); See also McCutcheon v. Beto, D.Ct.Tex., 252 F.Supp. 891, 894 (1966). After a factual hearing, the writ is made returnable to the Court of Criminal Appeals, where it is decided whether or not the writ will issue. This gives a petitioner a speedier process, and assures a more uniform disposition of these cases. The district judge may also certify the writ of the higher court without hearing evidence. Ex parte Benson, 153 Tex.Cr.R. 598, 223 S.W.2d 934, 936 (1949).

Article 11.07 further provides that:

" * * * should such writ be returned to the Court of Criminal Appeals without the facts accompanying same, or without all the facts deemed necessary by the Court of Criminal Appeals, said Court may designate and direct * * * any district judge or judges so designated to forthwith prepare a narration of the facts adduced in evidence upon any such hearing and transmit same to the clerk of the Court of Criminal Appeals within ten days of the date of such hearing. * * * "

The post-conviction remedy provided in Article 11.07 is a speedy one. Once the district judge certifies the facts to the Court of Criminal Appeals, "The clerk of the Court of Criminal Appeals shall forthwith docket the cause and same shall be heard by the court at the earliest practicable time."

In the event the district court refuses the application for writ of habeas corpus, " * * * the recourse to be had by petitioner is to present his application to some other judge or directly to * *." the Court of Criminal Appeals. Ex parte Hubbard, 154 Tex.Cr.R. 57, 225 S.W.2d 196, 197 (1949); McCutcheon v. Beto, D.Ct.Tex., 252 F.Supp. 891, 894 (1966).

Relator in the instant case therefore has a post-conviction remedy presently available in the Texas courts. The fact-

finding procedure in that remedy is adequate to afford relator a full and fair hearing of the sort mentioned in Townsend v. Sain, supra. Carroll v. Beto, N.D. Tex., 270 F.Supp. 812, affirmed, 5 Cir., 379 F.2d 329 (1967). Consequently, relator has failed to exhaust his state remedies, and he is not entitled to a plenary hearing in this Court. Goodwin v. Holman, 5 Cir., 361 F.2d 403 (1966); Key v. Holman, 5 Cir., 346 F.2d 153 (1965); Pate v. Holman, 5 Cir., 343 F.2d 546 (1965); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); 28 U.S.C.A. Section 2254.

It is therefore ordered that relator's application be and the same is hereby dismissed.